No. 25-10367

---

**United States Court of Appeals for the Fifth Circuit**

---

**IN THE MATTER OF BM318, L.L.C.,**
*Debtor,*

**TIMOTHY BARTON,**
*Appellant,*

v.

**COURTNEY C. THOMAS;**
**DIXON WATER FOUNDATION;**
**LUMAR LAND & CATTLE, LLC,**
*Appellees.*

---

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division

---

APPELLANTS' ORIGINAL BRIEF

---

Warren V. Norred
**Norred Law, PLLC**
Texas Bar Number: 24045094
warren@norredlaw.com
515 E. Border St.
Arlington, TX 76010
(817) 704-3984 (Office)
(817) 524-6686 (Fax)
*Counsel for Appellants*

## I. CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities, as described in the fourth sentence of 5th Cir. Rule 28.2.1, have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

**Appellants:**
Timothy Barton

Appellants' Counsel
Warren Norred (TX Bar No. 24045094), warren@norredlaw.com
Norred Law, PLLC; 515 E. Border Street; Arlington, Texas 76010
Tel: (817) 704-3984; Fax: (817) 524-6686

**Appellee 1:**
Courtney C. Thomas, Receiver of BM318, LLC

Appellee 1's Counsel:
Charlene C. Koonce, Texas Bar No. 11672850, charlene@brownfoxlaw.com
C. Alan Carrillo, Texas Bar No. 24109693, alan@brownfoxlaw.com
BROWN FOX PLLC
8111 Preston Road, Suite 300, Dallas, TX 75225
Tel. 214.327.5000, Fax. 214.327.5001

**Appellee 2:**
The Dixon Water Foundation

Appellee 2's Counsel:
Deborah M. Perry, Texas Bar No. 24002755, dperry@munsch.com
Julian P. Vasek, Texas Bar No. 24070790, jvasek@munsch.com
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard St., Ste. 4000, Dallas, Texas 75201-6659
Telephone: (214) 855-7500, Facsimile: (214) 855-7584

**Appellee 3:**
Lumar Land & Cattle, LLC

Appellees 3's Counsel:
J. Robert Forshey, Texas Bar No. 07264200, bforshey@forsheyprostok.com
FORSHEY & PROSTOK, LLP
777 Main Street, Suite 1550, Fort Worth, Texas 76102
Telephone: (817) 877-8855, Facsimile: (817) 877-4151

-and-

Kimberly P. Harris, Texas Bar No. 24002234, kharris@qslwm.com
Joshua L. Shepherd, Texas Bar No. 24058104, jshepherd@qslwm.com
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, PC
2001 Bryan Street, Suite 1800, Dallas, Texas 75201
Telephone: (214) 871-2100, Facsimile: (214) 871-2111

*/s/Warren V. Norred*
Warren V. Norred

## II. STATEMENT REGARDING ORAL ARGUMENT

According to 5th CIR. R. 28.2.3, the Court would benefit from oral argument in this case because the issues presented remain as an unresolved circuit split concerning vital standing issues in bankruptcy cases and appeals from bankruptcy cases. Counsel for both parties, if given the opportunity to appear before the Court, will be able to answer any questions the Court may have and expand on any reasoning that requires additional clarification.

# III. TABLE OF CONTENTS

**I. CERTIFICATE OF INTERESTED PERSONS ........................................2**

**II. STATEMENT REGARDING ORAL ARGUMENT.................................4**

**III. TABLE OF CONTENTS ......................................................................5**

**IV. TABLE OF AUTHORITIES...................................................................6**

**V. STATEMENT OF JURISDICTION ..........................................................7**

**VI. ISSUES PRESENTED .............................................................................7**

**VII. STATEMENT OF THE CASE ...............................................................7**

**VIII. STANDARD OF REVIEW.....................................................................9**

**IX. SUMMARY OF THE ARGUMENT..........................................................9**

**X. ARGUMENT.............................................................................................10**

**A. The *Castillo* test is still valid.........................................................................10**

**B. The District Court erred concerning Mr. Barton's participation. .........14**

**C. The District Court erred when finding that Mr. Barton is not a real party in interest...................................................................................16**

**D. The District Court's assertion that Mr. Barton's diminished property rights fail to give him "party" status ignores the relevant test. .........17**

**E. Because Mr. Barton is the first and only material cause of all of the Receiver's actions, the court should recognize his standing is inherent and he should not be shut out of the process based on the general rule...........................................................................................19**

**XI. CONCLUSION STATING RELIEF SOUGHT .......................................21**

## IV. TABLE OF AUTHORITIES

### Cases

*Castillo v. Cameron Cnty., Tex.*, 238 F.3d 339, 349 (5th Cir. 2001) ............... 10, 14
*Dean v. Seidel (In re Dean)*, 18 F.4th 842, 843–44 (5th Cir. 2021)............. 9, 18, 20
*Farrell Const. Co. v. Jefferson Par., La.*, 896 F.2d 136, 140 (5th Cir. 1990).........16
*In re Fin. News Network, Inc.*, 980 F.2d 165, 169 (2d Cir. 1992).............................9
*In the Matter of 2999TC Acquisitions, L.L.C.*, No. 23-10648,
2024 WL 1283342, at *2 (5th Cir. Mar. 26, 2024)...................................... 10, 11
*Kauffman v. Dreyfus Fund, Inc.*, 434 F.2d 727, 732 (3d Cir. 1970) ........................19
*Louisiana ex rel. Caldwell v. Allstate Ins. Co.*,
536 F.3d 418, 428 (5th Cir. 2008) .....................................................................17
*Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736 (2014) ................17
*Searcy v. Philips Electronics North America Corp.*,
117 F.3d 154, 157 (5th Cir. 1997) ............................................................... 12, 13
*Sears v. Sears (In re AFY)*, 733 F.3d 791, 793 (8th Cir. 2013) ........................ 18, 20
*Sec. & Exch. Comm'n v. Stanford Int'l Bank, Ltd.*,
927 F.3d 830, 840–41 (5th Cir. 2019) ...............................................................17
*Thakkar v. Good Gateway, LLC*,
831 Fed. App'x 479, 480 (11th Cir. 2020) ..................................... 17, 18, 19, 20
*United States ex rel. Eisenstein v. City of N.Y.*, 556 U.S. 928 (2009).............. 11, 12
*United States v. Chagra*, 701 F.2d 354 (5th Cir. 1983).................................... 15, 16
*United States v. Fluitt*, 99 F.4th 753 (5th Cir. 2024)...............................................13

### Rules

28 U.S.C. § 1291.........................................................................................................6

### Rules

5th CIR. R. 32.1 .........................................................................................................21
FED. R. APP. P. 32(a) ................................................................................................21
FED. R. APP. P. 32(f)..................................................................................................21
FED. R. APP. P. 32(G)(1)............................................................................................21
Fed. R. App. Pro. 4.......................................................................................................6

## V. STATEMENT OF JURISDICTION

This Court has jurisdiction over this appeal because the district court entered a final judgment disposing of all parties and claims, permitting parties to immediately appeal under Fed. R. App. Pro. 4 and 28 U.S.C. § 1291.

## VI. ISSUES PRESENTED

When a party does not directly intervene in a district court case, or is prevented from doing so, when does that party have standing to bring an appeal to protect his rights?

## VII. STATEMENT OF THE CASE

3. On September 1, 2020, Tim Barton, as sole member of BM318, LLC ("BM318"), directed BM318 to file a voluntary Chapter 11 bankruptcy in the Bankruptcy Court for the Northern District of Texas, cause 20-42789-mxm11, "Bankruptcy Case"). Tab

4. In August 2021, directed by Barton, BM318 initiated an adversary proceeding in the Bankruptcy Case against The Dixon Water Foundation, for preferential and fraudulent transfers in cause 20-42789-mxm11. During the adversary, the Court allowed Lumar Land & Cattle, LLC to intervene.

5. Two years later, on September 23, 2022, the Securities Exchange Commission ("SEC") sued Tim Barton in the Northern District of Texas, in Civil Action No. 3:22-cv-2118-X ("SEC Lawsuit").

6. In the SEC Lawsuit, the Dallas court appointed Courtney C. Thomas as the Receiver, and tasked him with taking control of BM318 and numerous other entities controlled by Barton in its Order of Receivership. See Tab 9, ECF 418.

7. Acting on behalf of BM318, the Receiver negotiated settlement agreements with The Dixon Water Foundation and Lumar Land & Cattle, LLC, resolving the claims in the adversary proceeding. The Bankruptcy Court approved those settlements on May 28, 2024, and entered the Agreed Judgment on August 26, 2024.

8. On September 10, 2024, Mr. Barton signed a Notice of Appeal in his individual capacity *pro se*, taking the issue to the District Court for the Northern District of Texas *pro se* as President of BM318, LLC, challenging ratification and validity of the settlement agreements. Despite the pending appeal, the bankruptcy court dismissed the adversary proceeding with prejudice on August 26, 2024.

9. Responding to the appeal filed in the District Court, the Receiver, The Dixon Water Foundation, and Lumar filed a motion to dismiss the appeal on jurisdictional grounds on December 3, 2024. The District Court dismissed the appeal on February 4, 2025, and rendered final judgment. Mr. Barton then filed his notice of appeal.

10. Also relevant to this case, during the above-described proceedings, the Receiver filed a Motion to Show Cause in the SEC Lawsuit, which the court granted on October 10, 2024. That order explicitly commanded Barton to refrain from any court proceeding without permission from the district court. Tab 10, ECF 580.

## VIII. STANDARD OF REVIEW

11. The applicable standard of review for a question of standing originating from a bankruptcy court and passing through the district court, sitting in appellate review, is de novo. *Dean v. Seidel (In re Dean)*, 18 F.4th 842, 843–44 (5th Cir. 2021).

## IX. SUMMARY OF THE ARGUMENT

12. Appellant Barton argues that the District Court committed a reversable error by dismissing his appeal to the District Court on jurisdictional grounds.

13. Specifically, Mr. Barton argues that the Bankruptcy Court's denial of his involvement in the action below left him without the ability to protect his own rights. While the District Court argues the general rule that a party which did not formally intervene in the original action should not have standing, that decision fails to take into account the case law supporting standing for a party who was prevented by the Bankruptcy Court from protecting his own rights.

14. Additionally, Mr. Barton has standing because the allegations against him are the basis for the SEC's case, the criminal case against him, the present case, and every associated case other case filed by the Receiver. In this case, the Court should reject the requirement of a formal intervention as an unnecessary exaltation of form over substance, which bankruptcy courts often employ to avoid inequitable results. *See, e.g., In re Fin. News Network, Inc.*, 980 F.2d 165, 169 (2d Cir. 1992). Therefore, this court should reverse the District Court's decision and remand this action.

## X. ARGUMENT

15. While it is generally true that a non-party has no standing to appeal, this Court recognized an exception for non-party standing in *Castillo v. Cameron Cnty., Tex.*, 238 F.3d 339, 349 (5th Cir. 2001), which teaches that a non-party whose interests are affected by an ongoing action should have the opportunity to appeal actions that adversely affect those interests. Mr. Barton fits this test.

16. The test requires that the would-be appellant show that: 1) the non-parties actually participated in the proceedings below, 2) the equities weigh in favor of hearing the appeal, and 3) the non-parties have a personal stake in the outcome. *Id.*

### A. The *Castillo* test is still valid.

17. The District Court's first major point upon which its decision rests is that the *Castillo* test is no longer good law. However, this test has stood unchallenged for more than two decades and continues to be good law. The District Court suggests that the *Castillo* test was overruled by citing a previous action in which Mr. Barton was involved: *In the Matter of 2999TC Acquisitions, L.L.C.*, No. 23-10648, 2024 WL 1283342, at *2 (5th Cir. Mar. 26, 2024). However, a sober analysis shows that neither this case, nor the case that it cites, overruled the *Castillo* test.

18. In *2999TC*, this Court held that the appellant had no standing because he was a non-party. *Id.* at *2. Specifically, the appellant sought this Court's review of a receivership settlement regarding a business in which he had property interests. *Id.*

at *1. Appellant in *2999TC* argued that because he was the real party in interest in the original action with property interests in the business, that he was entitled to appeal. *Id.* However, the Court rejected this argument because it occurred in isolation. *Id.* at *2. The Court recognized that there were some doubts about the *Castillo* test, but held that the Appellant did not even reach that test because he had failed to properly plead it. *Id.* He had not included a record to show the satisfaction of the balance of equities to allow this Court to evaluate this case under *Castillo*.

19. Neither did the case that this Court referenced in *2999TC* overrule the *Castillo* test. The case *United States ex rel. Eisenstein v. City of N.Y.*, 556 U.S. 928 (2009) came to the Supreme Court in a unique posture that did not concern the Fifth Circuit's test in *Castillo*. Specifically, the Petitioner presented only one question to the U.S. Supreme Court: which appeal deadline applied under the False Claims Act, the deadline when the U.S. is a party or the deadline when the U.S. is not a party. *Eisenstein*, 556 U.S. at 928. A key point of discussion in that case is whether the U.S. was a party to the action such that the longer deadline for the U.S. would apply. *Id.* at 933–34. Under the False Claims Act, the U.S. could intervene by right in a *qui tam* action and take over the prosecution of the private claim. *Id.* at 932. In this case, the U.S. had not intervened, but the Petitioner wanted to claim the 60-day appeal deadline as if the U.S. was the petitioner on the grounds that the U.S. was the real party in interest. *Id.* at 932–933.

20. The U.S. Supreme court held that if the U.S. did not exercise its intervention of right in the action, then it was not a party to the action under the text of the FCA. *Id.* at 935. Specifically, the U.S. Supreme Court held that the text of the FCA allowed for the appeal deadline only when the U.S. had actually exercised its right to intervene. *Id.* Therefore, the U.S. Supreme Court's opinion was that the unique text of the FCA meant that the Petitioner could not benefit from the 60-day appeal deadline. *Id.* at 937.

21. This case is strongly distinguished from another case dealing with the FCA that details the application to the *Castillo* test. In *Searcy v. Philips Electronics North America Corp.*, this Court held that the nonparty appellant met the first prong of the action because the government appellant investigated and monitored the case at the district level and argued against the settlement at a hearing. *Searcy v. Philips Electronics North America Corp.*, 117 F.3d 154, 157 (5th Cir. 1997). Specifically, the government intentionally abstained from exercising its intervention by right in the action below. *Searcy*, 117 F.3d at 155. After approximately a year of discovery, two unsuccessful mediations, and three days of trial, the named parties decided to settle. *Searcy*, 117 F.3d at 155. The government, which had been monitoring the litigation, objected to the wide-ranging settlement. *Searcy*, 117 F.3d at 155. Notably, the government declined to intervene, even after objecting to the settlement. *Searcy*,

117 F.3d at 155–56. After the district court denied the objection, the government appealed without first intervening in the action below. *Searcy*, 117 F.3d at 155–56.

22. As a pre-requisite consideration to the appeal, the Fifth Circuit had to consider whether the government had standing to bring the appeal in the first place. This Court recognized that, as a general rule, a non-named party, even a real party in interest, is not a party on appeal unless it previously intervened. *Searcy*, 117 F.3d at 156. At this point, this Court raised the narrow three-part exception outlined above. *Searcy*, 117 F.3d at 157. Relevant to this specific analysis, this Court had to evaluate whether the government was sufficiently involved in the prior action to fit the first prong.

23. Although brief, this Court's analysis is instructive, stating simply that the first prong was satisfied because the government was "investigating and monitoring" the proceeding and participated in a hearing. *Searcy*, 117 F.3d at 157.

24. This case is still good law. In *United States v. Fluitt*, 99 F.4th 753 (5th Cir. 2024), this Court re-affirmed the three-party *Castillo* test and successfully applied it to the situation to support appellate standing when the appellant was not a party to the underlying action, but whose rights were affected by third-party discovery. *Id*. at 762. Therefore, the District Court's assertion that the *Castillo* test is no longer good law is erroneous and does not support the dismissal of Mr. Barton's appeal.

**B. The District Court erred concerning Mr. Barton's participation.**

25. The District Court also asserted that Mr. Barton did not have standing because he failed the first element of the *Castillo* test. That is, the District Court states that he did not actually participate in some way in the original action, irrespective of his management of BM318, and directing the filing of the case (see Tab 11). *Castillo v. Cameron Cnty., Tex.*, 238 F.3d 339, 349 (5th Cir. 2001). The District Court's reasoning is erroneous, and this Court should reverse and remand.

26. In its analysis, the District Court reasoned that, if the *Castillo* test applies, Mr. Barton would have to show that he actually participated in the original proceeding in some way. Mr. Barton was involved at every stage of the bankruptcy, having hired and directing the adversary resulting in this case in 2021 (see Tab 12), until the Receiver was appointed in the SEC Lawsuit in 2022, when he then settled the matter without agreement from Barton. See Tab 13, ECF No. 142. However, based on the lack of a filing by Barton as an individual, the District Court concluded that Barton did not participate in the bankruptcy or adversary and therefore fails the first element of *Castillo*. This analysis leads to inequitable results and fails to answer case law.

27. First, the District Court's reasoning leads to inequitable results. Based on the District Court's reasoning, any time a party is actively prevented from engaging in an action to protect its rights, it cannot meet the *Castillo* test. Because it is not a party, it is then prevented from appealing the orders affecting its rights. The District

Court's reasoning creates a situation where any party that unsuccessfully attempts to engage in an action to protect his rights is unable to appeal to protect those rights later if the court in the original action prevents the party's involvement. This is clearly inequitable and defeats the point of the *Castillo* test, which is to allow a party who attempted to be involved in the original action to appeal decisions that affect the rights of that party.

28. Second, the District Court's reasoning ignores the relevant case law that supports the opposite result: that a party prevented from protecting its rights passes the first element of the *Castillo* test. The case *United States v. Chagra*, 701 F.2d 354 (5th Cir. 1983) provides support that a party prevented from engaging in the original action has standing. In *Chagra*, the district court issued an order closing the courtroom to the public, including reporters, because the judge was concerned about empaneling an impartial jury. *Id.* at 357. This prevented the reporters from engaging with the original action at all. The reporters appealed the order, arguing that even though they were non-parties, the order constituted a violation of their First Amendment protected rights. *Id.* at 361. The Fifth Circuit found that the reporters' First Amendment-protected rights to free and fair trials were substantially curtailed by the district court's order, such that the nonparty reporters had a sufficient personal interest in the order to have standing for an appeal. *Id.* at 361–62. The Fifth Circuit allowed nonparty reporters to appeal a district court's order closing the courtroom,

though they were directly prevented from engaging in the original action. *Id.* at 358–60. Notably, the allowance came in an extreme circumstance, as the hearings from which the reporters were barred occurred while the reporters' appeal was still pending. *Id.* at 357. The Fifth Circuit still allowed the exception. *Id.* at 358–60.

29. In the same way, the Bankruptcy Court prevented, by order, Mr. Barton from engaging in the original action. The District Court agreed that the Bankruptcy Court prevented Mr. Barton from engaging in the original action. Therefore, Mr. Barton should meet the *Castillo* test in the same way that the reporters met the test: he has a substantial interest at stake and is otherwise prevented from protecting his interest.

**C. The District Court erred when finding that Mr. Barton is not a real party in interest.**

30. The District Court asserts next that Mr. Barton is not the real party in interest, but that BM318, LLC is the *real* party in interest, as though there can be only one such party. However, Mr. Barton is a real party in interest in the original action, irrespective of BM318, LLC's status. An entity is a real party in interest when it holds the substantive right to be enforced, and not necessarily the person who receives the more direct benefit from the recovery. *Farrell Const. Co. v. Jefferson Par., La.*, 896 F.2d 136, 140 (5th Cir. 1990). "Generally speaking, a party is a real party in interest when it is directly and personally concerned in the outcome of the litigation to the extent that his participation therein will insure 'a genuine adversary issue between the parties." *Louisiana ex rel. Caldwell v. Allstate Ins. Co.*, 536 F.3d

418, 428 (5th Cir. 2008), *abrogated by Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736 (2014) (internal citations removed).

31. The District Court argues that because BM318, LLC is in a receivership, that Mr. Barton somehow has no rights or interest in the business. This is unequivocally false. This Court held previously that a receivership in a civil litigation context is similar in scope to a receiver in bankruptcy proceedings. *Sec. & Exch. Comm'n v. Stanford Int'l Bank, Ltd.*, 927 F.3d 830, 840–41 (5th Cir. 2019). "The purpose of bankruptcy receiverships and equity receiverships is essentially the same—to marshal assets, preserve value, equally distribute to creditors, and, either reorganize, if possible, or orderly liquidate." *Id.* In neither bankruptcy nor equity receiverships do the receivers gain true ownership of the business in place of the true owner. *Id.* Therefore, the District Court's assertion that an equitable receiver has the sole "vested interest" in BM318, LLC to the exclusion of Mr. Barton is plainly erroneous.

**D. The District Court's assertion that Mr. Barton's diminished property rights fail to give him "party" status ignores the relevant test.**

32. Finally, the District Court asserts that Mr. Barton's allegations of destroyed property rights are insufficient to make him a proper appellant. However, Mr. Barton's rights in property, along with the other elements of the *Castillo* test are sufficient to support him as a proper appellant.

33. The District Court first cites *Thakkar v. Good Gateway, LLC*, 831 Fed. App'x 479, 480 (11th Cir. 2020) for its proposition, which itself relies on *Sears v. Sears (In*

*re AFY)*, 733 F.3d 791, 793 (8th Cir. 2013), which the District Court also cites. Both *Sears* and *Thakkar* state that "[T]he person aggrieved doctrine limits standing to persons with a financial stake in the bankruptcy court's order, meaning they were directly and adversely affected pecuniarily by the order." *Id.* Both *Thakkar* and *Sears* then go on to assert that a derivative interest through a shareholder is not a sufficient financial stake that is "directly and adversely affected." *Id.* at 793; *Thakkar*, 831 Fed. App'x at 480. Essentially, the Court's order must affect the appellant's wallet. *Dean v. Seidel (In re Dean)*, 18 F.4th 842, 844 (5th Cir. 2021).

34. In this appeal, the Bankruptcy Court's decision directly affected Mr. Barton's wallet such that the Court's citations to cases concerning shareholder derivative rights are not applicable. Mr. Barton is the owner and managing member of BM318, LLC, not a shareholder. Unlike shareholders, Mr. Barton had, prior to the receivership, full control of the business, not just an investment in it. Unlike shareholders, Mr. Barton was fully authorized to take actions on behalf of BM318. Unlike shareholders, Mr. Barton's compensation is directly tied to the property disposition from BM318. While the property belonging to BM318 does not directly belong Mr. Barton, it is inaccurate to say that his financial stake not directly affected by the Receiver's decisions. His financial stake in BM318, which is directly at issue in the bankruptcy order and a party to the settlement agreement, was directly affected

by the Bankruptcy Court's approval of that settlement. Therefore, the District Court's citation to *Thakkar* was inapplicable.

35. Finally, the District Court cites *Kauffman v. Dreyfus Fund, Inc.*, 434 F.2d 727, 732 (3d Cir. 1970) to support the proposition that Mr. Barton's interest was not sufficiently directly at issue. However, this case, once again, deals with shareholders' derivative interests and how mere indirect diminution in stock value does not constitute a direct impact on a financial stake. *Id.* Notably, this case was decided in 1970, seven years before limited liability companies became a distinct and recognized form of business entities. Additionally, as discussed above, Mr. Barton's interest in BM318, LLC is substantially different from a mere shareholder, including his rights and authorities and the manner in which orders affecting BM318, LLC, also directly affect Mr. Barton. As such, *Kauffman* does not support the District Court's assertions. Therefore, this Court should reverse and remand this action to the District Court for adjudication of Mr. Barton's appeal on its substance.

**E. Because Mr. Barton is the first and only material cause of all of the Receiver's actions, the court should recognize his standing is inherent and he should not be shut out of the process based on the general rule.**

36. Appellant admits the validity of a general rule preventing a mere interest holder of a business from appealing the result of a suit of the entity, without more. But this case is not the general case, and the general rule ought not limit standing.

37. Here, Mr. Barton was accused of criminal fraud by the federal government in 2022. The U.S. Securities and Exchange Commission filed a parallel civil action against him for antifraud provisions of federal securities laws. This case was filed by the Receiver appointed in the SEC case. Every pore in the bodies of these cases ooze with the presence and direct actions of Tim Barton.

38. And it does not stop there. In spite of the reality that a person is considered innocent until proven guilty (at least on the parchment on which the Bill of Rights was written), the federal regulators, Department of Justice, and the trial court has treated Mr. Barton as though he is guilty *without a trial*, and charged a receiver with *liquidating* the assets involved, rather than simply protecting them, which would be more appropriate, at least until the government proves its claims.

39. Mr. Barton is not trying to break into a suit regarding General Motors based on an ownership interest of one share, but is seeking to be heard as the *raison d'etre* of all the government's machinations in this series of cases, and who owns all or a significant part of every entity, and only by deliberately ignoring his presence in these suits can a rational person suggest otherwise.

40. Thus, this case departs from *Thakkar v. Good Gateway, LLC*, 831 Fed. App'x 479 (11th Cir. 2020), *Sears v. Sears (In re AFY)*, 733 F.3d 791 (8th Cir. 2013), and *Dean v. Seidel (In re Dean)*, 18 F.4th 842 (5th Cir. 2021). None of these include an actor seeking to be involved as Tim Barton is in this case.

41. Lastly, this honorable Court should recognize the overt qualitative difference between one who owns a minor interest in a business entity, a supervising government, and Tim Barton, who is being held liable for every action in a series of suits that are based on his actions at every level of the discussion.

## XI. CONCLUSION STATING RELIEF SOUGHT

Mr. Barton has standing under a narrow exception which this Court has recognized continuously for at least twenty-five years. The United States District Court for the Norther District of Texas erroneously dismissed Mr. Barton's appeal, arguing that the *Castillo* test was no longer good law, Mr. Barton did not fulfill the first element of the *Castillo* test, and Mr. Barton did not have standing. However, the District Court's decision dismissing Mr. Barton's appeal was erroneous because the *Castillo* test is still good law, Mr. Barton satisfies the first element of the *Castillo* test, and Mr. Barton has sufficient standing. Therefore, Mr. Barton requests that this Court reverse and remand this action back to the District Court to adjudicate the substance of Mr. Barton's prior appeal.

Respectfully submitted,

*/s/Warren V. Norred*
Warren V. Norred; TBN 24045094; warren@norredlaw.com
NORRED LAW, PLLC
515 E. Border Street
Arlington, TX 76010
T: (817) 704-3984; F (817) 524-6686
COUNSEL FOR APPELLANT

## CERTIFICATE OF SERVICE REQUIRED BY FED. R. APP. P 25(d)

I certify that on May 2, 2025, the foregoing instrument has been served via the Court's ECF filing system in compliance with Rule 25(b) and (c) of the Federal Rules of Appellate Procedure on all registered counsel of record, and has been transmitted to the Clerk of the Court, including:

For Court Thomas:
Charlene C. Koonce, Texas Bar No. 11672850, charlene@brownfoxlaw.com
C. Alan Carrillo, Texas Bar No. 24109693, alan@brownfoxlaw.com

For The Dixon Water Foundation:
Deborah M. Perry, Texas Bar No. 24002755, dperry@munsch.com
Julian P. Vasek, Texas Bar No. 24070790, jvasek@munsch.com

For Lumar Land & Cattle, LLC:
J. Robert Forshey, Texas Bar No. 07264200, bforshey@forsheyprostok.com
Kimberly P. Harris, Texas Bar No. 24002234, kharris@qslwm.com
Joshua L. Shepherd, Texas Bar No. 24058104, jshepherd@qslwm.com

*/s/ Warren V. Norred*
Warren V. Norred

## CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(G)(1) AND 5TH CIR. R. 32.3. (SEE FED. R. APP. P. 28(A)(10))

1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7), which limits a principal brief because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains no more than 3754 words and does not exceed 30 pages.

2. This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in a proportional-spaced typeface using Microsoft Word with a 14-point Times New Roman font.

*/s/ Warren V. Norred*
Warren V. Norred