No. 25-10367

---

**United States Court of Appeals for the Fifth Circuit**

---

**TIMOTHY BARTON,** *Appellant*,
v.
**COURTNEY C. THOMAS, Receiver, DIXON WATER FOUNDATION, and LUMAR LAND & CATTLE, LLC,** *Appellees.*

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division

**CONTENTS**


| ***Tab*** | ***Page*** |
|---|---|
| Tab 1 - Docket Sheet | 2 |
| Tab 2 - Notice of Appeal (ROA 724) | 8 |
| Tab 3 - Final Judgment (ROA 723) | 10 |
| Tab 4 - Memorandum Opinion (ROA 718) | 12 |
| Tab 5 - Barton Appellant's Brief (ROA 332) | 18 |
| Tab 6 - Joint Motion to Dismiss Appeal (ROA 373) | 47 |
| Tab 7 - Barton Appellant's Reply iso Appeal (ROA 681) | 67 |


**CERTIFICATE OF SERVICE**

I certify that on June 10, 2025, the foregoing instrument has been served via the Court's ECF filing system in compliance with Rule 25(b) and (c) of the Federal Rules of Appellate Procedure on all registered counsel of record.


*/s/ Warren V. Norred*
Warren V. Norred, TBN: 24045094, warren@norredlaw.com
**Norred Law, PLLC**; 515 E. Border St.; Arlington, TX 76010
O: (817) 704-3984; F: (817) 524-6686
*Counsel for Appellant*

# Tab 1

APPEAL,BKAPP,CLOSED

# U.S. District Court
# Northern District of Texas (Fort Worth)
# CIVIL DOCKET FOR CASE #: 4:24−cv−00863−P

BM318, LLC c/o Timothy Barton, President et al v. Thomas et al
Assigned to: Judge Mark Pittman
Case in other court: United States Court of Appeals 5th Circuit, 25−10367
Cause: 28:0158 Notice of Appeal re Bankruptcy Matter (BA

Date Filed: 09/11/2024
Date Terminated: 02/04/2025
Jury Demand: None
Nature of Suit: 422 Bankruptcy: Appeal 28 USC 158
Jurisdiction: Federal Question

**Debtor**

**BM318, LLC**

**Appellant**

**BM318, LLC c/o Timothy Barton, President** represented by **BM318, LLC c/o Timothy Barton, President**
PO BOX 117625
Carrolton, TX 75007
214−673−8714
Email: Timothy.barton@proton.me
PRO SE

**Appellant**

**Timothy Barton** represented by **Kaitlyn M Coker**
Farmer & Coker PLLC
901 Main Street
Ste 5330
Dallas, TX 75202
214−948−8333
Email: kaitlyn@farmercoker.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Warren V Norred**
Norred Law PLLC
515 E Border Street
Arlington, TX 76010
817−704−3984
Fax: 817−524−6686
Email: warren@norredlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Appellee**

**Courtney C. Thomas** represented by **C Alan Carrillo**
Brown Fox PLLC
8111 Preston Road, Suite 300
Dallas, TX 75225
214−327−5000
Fax: 214−327−5001
Email: alan@brownfoxlaw.com
*ATTORNEY TO BE NOTICED*

**Charlene Cantrell Koonce**
Brown Fox PLLC
8111 Preston Road, Suite 300
Dallas, TX 75225
214−327−5000

Fax: 214−327−5001
Email: charlene@brownfoxlaw.com
*ATTORNEY TO BE NOTICED*

**Appellee**

**Dixon Water Foundation** represented by **Deborah M Perry**
Munsch Hardt Kopf & Harr PC
500 North Akard Street, Suite 3800
Dallas, TX 75201−6659
214−855−7565
Fax: 214−855−7584
Email: dperry@munsch.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Julian Preston Vasek**
Munsch Hardt Kopf and Harr
500 N Akard Street
Suite 4000
Dallas, TX 75201
214−855−7528
Email: jvasek@munsch.com
*ATTORNEY TO BE NOTICED*

**Appellee**

**Lumar Land & Cattle, LLC** represented by **J Robert Forshey**
Vartabedian Hester & Haynes LLP
301 Commerce Street
Suite 3635
Fort Worth, TX 76102
817−214−4990
Fax: 817−214−4988
Email: bobby.forshey@vhh.law
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua L Shepherd**
Iacuone McAllister Potter PLLC
Energy Square One
4925 Greenville Ave
Suite 1112
Dallas, TX 75206
214−432−1536
Email: shepherd@imcplaw.com
*ATTORNEY TO BE NOTICED*

**Kimberly P Harris**
Quilling, Selander, Lownds, Winslett & Moser, PC
2001 Bryan Street
Suite 1800
Dallas, TX 75201
214−880−1808
Fax: 214−871−2111
Email: kharris@qslwm.com
*ATTORNEY TO BE NOTICED*

**Bankruptcy Judge**

**Mark X Mullin** represented by **Mark X Mullin**
US Bankruptcy Court
501 W 10th Street
Fort Worth, TX 76102
817−333−6020

Email: Lin_Willis@txnb.uscourts.gov
PRO SE

V.

**Notice Only**

**Case Admin Sup** represented by **Case Admin Sup**
Email: txnb_appeals@txnb.uscourts.gov
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 09/11/2024 | 1 | Pursuant to Fed. R. Bankr. P. 8003(d), the bankruptcy clerk has transmitted the notice of appeal filed in bankruptcy case number 21−04051−mxm and the notice of appeal has now been docketed in the district court in case 4:24−cv−863. (The filing fee has been paid in the Bankruptcy Court.) Pursuant to Fed. R. Bankr. P. 8009, before the record on appeal can be assembled and filed in the district court, designations of items to be included in the record on appeal and statements of issues must be filed in the bankruptcy case. If a sealed document is designated, the designating party must file a motion in the district court case for the document to be accepted under seal. See also District Court Local Bankruptcy Rule 8012.1. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: Attorney Information − Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 Notice of Appeal) (Almaraz, Jeanette) (Entered: 09/11/2024) |
| 09/11/2024 | | New Case Notes: A filing fee has been paid. No prior sanctions found. (For court use only − links to the national and circuit indexes.) File to: Judge Pittman. Attorneys are further reminded that, if necessary, they must comply with Local Rule 83.10(a) within 14 days or risk the possible dismissal of this case without prejudice or without further notice. (saw) (Entered: 09/11/2024) |
| 09/11/2024 | 2 | Notice and Instruction to Pro Se Party (saw) (Entered: 09/11/2024) |
| 09/23/2024 | 3 | ADDITIONAL ATTACHMENTS to 1 Notice Transmitting BK Appeal − Mini Record (Record is deficient as the appellant(s) failed to file designations of record. (Attachments: # 1 Mini Record) (Almaraz, Jeanette) (Entered: 09/23/2024) |
| 09/25/2024 | 4 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Dixon Water Foundation. (Clerk QC note: No affiliate entered in ECF). (Perry, Deborah) (Entered: 09/25/2024) |
| 09/25/2024 | 5 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by BM318, LLC. (Clerk QC note: Affiliate entry indicated). (Carrillo, C) (Entered: 09/25/2024) |
| 09/25/2024 | 6 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Courtney C. Thomas. (Clerk QC note: No affiliate entered in ECF). (Carrillo, C) (Entered: 09/25/2024) |
| 09/25/2024 | 7 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Lumar Land & Cattle, LLC. (Clerk QC note: No affiliate entered in ECF). (Forshey, J) (Entered: 09/25/2024) |
| 09/25/2024 | 8 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Lumar Land & Cattle, LLC. (Clerk QC note: No affiliate entered in ECF). (Forshey, J) (Entered: 09/25/2024) |
| 10/18/2024 | 9 | ORDER: The Court ORDERS Appellant to file a brief by October 21, 2024, at 5:00 p.m. Failure to comply with this Order will result in the dismissal of this case without prejudice and without further notice. (Ordered by Judge Mark Pittman on 10/18/2024) (saw) (Entered: 10/18/2024) |

| | | |
|---|---|---|
| 10/21/2024 | 10 | MOTION to Extend Time Appellant's Brief on the Merits filed by Timothy Barton with Brief/Memorandum in Support.. Party Timothy Barton added.Attorney Kaitlyn M Coker added to party Timothy Barton(pty:a) (Coker, Kaitlyn) (Entered: 10/21/2024) |
| 10/22/2024 | 11 | ORDER: Having considered the 10 Motion and related filings, the Court hereby GRANTS in part and DENIES in part the Motion. The Court ORDERS that on or before November 4, 2024, at 5:00 p.m., Appellant file its brief on the merits. (Ordered by Judge Mark Pittman on 10/22/2024) (saw) (Entered: 10/22/2024) |
| 11/04/2024 | 12 | Appellant's BRIEF by Timothy Barton. (Attachments: # 1 Exhibit(s) Appendix) (Coker, Kaitlyn) (Entered: 11/04/2024) |
| 12/03/2024 | 13 | Joint MOTION to Dismiss *Appeal* filed by Courtney C. Thomas, Dixon Water Foundation, Lumar Land & Cattle, LLC with Brief/Memorandum in Support. (Attachments: # 1 Appendix, # 2 Proposed Order)Attorney Julian Preston Vasek added to party Dixon Water Foundation (pty:e) (Vasek, Julian) (Entered: 12/03/2024) |
| 12/03/2024 | 14 | Appellee's BRIEF by Lumar Land & Cattle, LLC. (Forshey, J) (Entered: 12/03/2024) |
| 12/04/2024 | 15 | Appellee's BRIEF by Dixon Water Foundation. (Vasek, Julian) (Entered: 12/04/2024) |
| 12/04/2024 | 16 | NOTICE of *Receiver's Joinder in The Dixon Water Foundation and Lumar Land & Cattle, LLC's Appellee Briefs* re: 15 Appellee's Brief, 14 Appellee's Brief filed by Courtney C. Thomas (Carrillo, C) (Entered: 12/04/2024) |
| 12/20/2024 | 17 | MOTION for Extension of Time to File Response/Reply to 13 Joint MOTION to Dismiss *Appeal*, 16 Notice (Other) filed by Timothy Barton with Brief/Memorandum in Support. (Coker, Kaitlyn) (Entered: 12/20/2024) |
| 12/20/2024 | 18 | ELECTRONIC ORDER granting 17 Appellants' Motion to Extend Time to File Response/Reply. Appellant shall file its Response on or before January 13, 2025. Should Appellee wish to have a brief extension to file its Reply, the Court would be inclined to grant such a motion as well. (Ordered by Judge Mark Pittman on 12/20/2024) (chmb) (Entered: 12/20/2024) |
| 01/03/2025 | 19 | NOTICE of Change of Address for Attorney J Robert Forshey on behalf of Lumar Land & Cattle, LLC. (Filer confirms contact info in ECF is current.) (Forshey, J) (Entered: 01/03/2025) |
| 01/13/2025 | 20 | OBJECTION filed by Timothy Barton re: 13 Joint MOTION to Dismiss *Appeal* (Norred, Warren) (Entered: 01/13/2025) |
| 01/17/2025 | 21 | Unopposed MOTION for Extension of Time to File Reply in Support of Motion to Dismiss Appeal, MOTION for Extension of Time to File Response/Reply to 20 Response/Objection, 13 Joint MOTION to Dismiss *Appeal* () filed by Dixon Water Foundation (Attachments: # 1 Proposed Order) (Vasek, Julian) (Entered: 01/17/2025) |
| 01/17/2025 | 22 | ELECTRONIC ORDER granting 21 Motion to Extend Time to File Response/Reply. Reply due by 1/27/2025. (Ordered by Judge Mark Pittman on 1/17/2025) (chmb) (Entered: 01/17/2025) |
| 01/27/2025 | 23 | REPLY filed by Courtney C. Thomas, Dixon Water Foundation, Lumar Land & Cattle, LLC re: 13 Joint MOTION to Dismiss *Appeal* (Vasek, Julian) (Entered: 01/27/2025) |
| 02/04/2025 | 24 | MEMORANDUM OPINION & ORDER: The Court hereby GRANTS the Appellees' 13 Motion to Dismiss and DISMISSES this appeal. (Ordered by Judge Mark Pittman on 2/4/2025) (saw) (Entered: 02/04/2025) |
| 02/04/2025 | 25 | FINAL JUDGMENT: Pursuant to Federal Rule of Civil Procedure 58 and this Court's Order Granting Appellees' Motion to Dismiss (ECF No. 24 ), the Court finds this appeal should be and hereby is DISMISSED with prejudice. (Ordered by Judge Mark Pittman on 2/4/2025) (saw) (Entered: 02/04/2025) |
| 03/04/2025 | 26 | NOTICE OF APPEAL as to 25 Judgment, 24 Memorandum Opinion and Order to the Fifth Circuit by BM318, LLC, BM318, LLC c/o Timothy Barton, President, Timothy Barton. Filing fee $605, receipt number BTXNDC−15311198. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION |

| | | |
|---|---|---|
| | | REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non−ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Norred, Warren) (Entered: 03/04/2025) |
| 03/13/2025 | 27 | USCA Case Number 25−10367 in United States Court of Appeals 5th Circuit for 26 Notice of Appeal, filed by BM318, LLC c/o Timothy Barton, President, Timothy Barton, BM318, LLC. (tle) (Entered: 03/13/2025) |
| 03/25/2025 | | Record on Appeal for USCA5 25−10367 (related to 26 appeal): Record consisting of: 1 ECF electronic record on appeal (eROA) is certified,. **PLEASE NOTE THE FOLLOWING:** Licensed attorneys must have filed an appearance in the USCA5 case and be registered for electronic filing in the USCA5 to access the paginated eROA in the USCA5 ECF system. (Take these steps immediately if you have not already done so. Once you have filed the notice of appearance and/or USCA5 ECF registration, it may take up to 3 business days for the circuit to notify the district clerk that we may grant you access to the eROA in the USCA5 ECF system.) To access the paginated record, log in to the USCA5 ECF system, and under the Utilities menu, select Electronic Record on Appeal. Pro se litigants may request a copy of the record by contacting the appeals deputy in advance to arrange delivery. (tle) (Entered: 03/25/2025) |
| 03/27/2025 | | APPEARANCE FORM FILED at USCA5 by Attorney Craig Alan Carrillo for Appellee Courtney C. Thomas in 25−10367. Access to the EROA has been granted. (tle) (Entered: 03/27/2025) |

# Tab 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **TIMOTHY BARTON,**<br>*Appellant,*<br><br>v.<br><br>**COURTNEY C. THOMAS, Receiver, DIXON WATER FOUNDATION, and LUMAR LAND & CATTLE, LLC,**<br>*Appellees.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CAUSE NO 4:24-cv-00863-P** |

**TIMOTHY L. BARTON'S NOTICE OF APPEAL**

Pursuant to Federal Rule of Appellate Procedure 3, notice is hereby given that Timothy Barton hereby appeals to the United States Court of Appeals for the Fifth Circuit from the Final Judgment (ECF No. 25) with accompanying Memorandum Opinion & Order (ECF No. 24 and 24) entered in this action on February 4, 2025.

Respectfully submitted on March 4, 2025,

*/s/Warren V. Norred*
Warren V. Norred, Texas Bar Number: 24045094, warren@norredlaw.com
NORRED LAW, PLLC; 515 E. Border Street; Arlington, TX 76010
O: (817) 704-3984; F: (817) 524-6686

**CERTIFICATE OF SERVICE**

I certify that on March 4, 2025, I filed the preceding document and its attachments using the Court's CM/ECF filing service, which will send notice of the filing to all parties seeking service in this action.

*/s/Warren V. Norred*
Warren V. Norred

# Tab 3

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**BM318, LLC C/O TIMOTHY BARTON, PRESIDENT, ET AL.,**

Appellants,

v. **No. 4:24-cv-00863-P**

**COURTNEY C. THOMAS, ET AL.,**

Appellees.

**FINAL JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 58 and this Court's Order Granting Appellees' Motion to Dismiss (ECF No. 24), the Court finds this appeal should be and hereby is **DISMISSED with prejudice**.

**SO ORDERED** on this **4th day of February 2025.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

# Tab 4

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**BM318, LLC c/o TIMOTHY BARTON, PRESIDENT, ET AL.,**

Appellants,

v. **No. 4:24-cv-00863-P**

**COURTNEY C. THOMAS, ET AL.,**

Appellees.

## MEMORANDUM OPINION & ORDER

Before the Court is a Joint Motion to Dismiss Appeal ("Motion") filed by Appellees Courtney C. Thomas, Dixon Water Foundation ("Dixon"), and Lumar Land & Cattle, LLC ("Lumar"). ECF No. 13. Having considered the Motion, other relevant filings, and the applicable law, the Court will grant the Appellees' Motion and dismiss this appeal.

## BACKGROUND

This appeal follows the final judgment from a bankruptcy proceeding. The Appellant, Timothy Barton ("Barton"), filed the appeal *pro se* as President of BM318, LLC ("BM318").

On September 1, 2020, BM318 filed a voluntary chapter 11 petition, which initiated a case in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division ("Bankruptcy Case"). Separately, on September 23, 2022, the Securities Exchange Commission brought a lawsuit against Barton in the Northern District of Texas, Dallas Division in Civil Action No. 3:22-cv-2118-X ("SEC Lawsuit"). In the SEC Lawsuit, the Dallas court appointed Courtney C. Thomas as the Receiver (hereinafter "Receiver") to take exclusive possession and control of BM318 and numerous other entities controlled by Barton. Given the Receivership Order in the SEC Lawsuit, when BM318 filed an adversary proceeding against Dixon in the Bankruptcy

Case on August 10, 2021, for alleged preferential and fraudulent transfers, the Bankruptcy Court entered an order authorizing Lumar and Receiver to intervene.

Vested with exclusive authority to direct the corporate governance of BM318 under the Receivership Order, the Receiver took control of BM318 in the Bankruptcy Case. Then, on behalf of BM318, the Receiver entered into settlement agreements with Lumar and Dixon. The Bankruptcy Court approved those settlements on May 28, 2024, and entered the Agreed Judgment on August 26, 2024. On September 10, 2024, and despite the Receiver having exclusive control over BM318 in the Bankruptcy Case—and Barton not having been a party in the Bankruptcy Case—Barton signed a Notice of Appeal in his individual capacity *pro se* in this case and wrote "Appellant" next to BM318's title.

On December 3, 2024, Appellees Receiver, Lumar, and Dixon filed this Joint Motion to Dismiss Barton's Appeal. ECF No. 13. The Court now addresses that Motion.

## LEGAL STANDARD

Generally, this Court has jurisdiction to hear bankruptcy appeals under 28 U.S.C. § 158. However, "[t]he rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled." *Marino v. Ortiz*, 484 U.S. 301, 304 (1988); *see also Bayard v. Lombard*, 50 U.S. 530, 546 (1850) ("Such a writ [of error] cannot be sued out by persons who are not parties to the record . . . [or] by strangers to the judgment and proceedings . . . ."); *Payne v. Niles*, 61 U.S. 219, 221 (1857) ("[I]t is very well settled in all common-law courts, that no one can bring up, as plaintiff in a writ of error, the judgment of an inferior court to a superior one, unless he was a party to the judgment in the court below . . . ."); *United States ex rel. La. v. Boarman*, 244 U.S. 397, 402 (1917) (describing the principle proscribing nonparty appeals "as a subject no longer open to discussion").

## ANALYSIS

Barton does not contest that he was a nonparty to the underlying bankruptcy action.[1] Instead, Barton rests his claim to standing on a single Fifth Circuit opinion, *Castillo v. Cameron County, Texas*, which held that nonparties may have standing on appeal if: (1) the nonparties actually participated in the proceedings below; (2) the equities weigh in favor of hearing the appeal; and (3) the nonparties have a personal stake in the outcome. 238 F.3d 339, 349 (5th Cir. 2001).

While Barton goes to lengths in his response to demonstrate how this case fits with the *Castillo* analysis, he fails to note that *Castillo* has been all but overruled. In fact, Barton himself was recently a party in a Fifth Circuit case recognizing that "it is not clear *Castillo* remains good law." *See Matter of 2999TC Acquisitions, L.L.C.*, No. 23-10648, 2024 WL 1283342, at *2 (5th Cir. Mar. 26, 2024). Rather, as the Fifth Circuit has recognized, "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment," *id.* (quoting *Marino*, 484 U.S. at 304), and Barton, by his own admission, was not a party.

Even if *Castillo* did apply, Barton would fail to meet the standard. Barton's reliance on *Searcy v. Philips Electronics North America Corp.* to demonstrate "participation" in the Bankruptcy Case is misplaced. 117 F.3d 154 (5th Cir. 1997). In *Searcy*, the Fifth Circuit found that the United States Government had standing to appeal, but only based on the "unique structure of the False Claims Act."[2] But this "adequate" level of participation cannot be gleaned from the Bankruptcy Case for Barton. In fact, as Barton admits, the Bankruptcy Court "barred [him] from taking any action to protect his own interests in BM318 during [the

[1] *See* ECF No. 20, at 2 (suggesting that, while "Appellees are correct that a nonparty . . . does not have standing to appeal," Barton's appeal is proper for other reasons).

[2] "[T]he unique structure of the False Claims Act gives the government an adequate level of participation in the district court proceedings, a good-faith reliance on a statutory right, and a concrete stake in the outcome. Thus, the government's appeal is properly before us even though the government is not a party that ordinarily could challenge as of right the district court's final order." *Searcy*, 117 F.3d at 158.

settlement] negotiations" given the Receivership Order in place.[3] Accordingly, as in *Matter of 2999TC Acquisitions*, "Barton did not personally participate in the proceeding below," and that is enough to disqualify his right to appeal even under *Castillo*. 2024 WL 1283342, at *2.

Additionally, given the Receivership Order, Barton is no longer in control of BM318, the real party in interest. As a consequence, Barton also has no personal stake in the outcome—this interest is now vested in the Receiver. As for any purported remaining equity interest he owns in BM318,[4] multiple courts have rejected the notion that alleging a diminishment in value of equity interests is sufficient to establish standing.[5]

Barton's lack of appellate standing is therefore sufficient to dispose of this case.

---

[3]ECF No. 20, at 10.

[4]ECF No. 20, at 8 (arguing that the decision in the Bankruptcy Case "negatively affected Mr. Barton, the CEO and managing member, with ownership and property interests in the business").

[5]*See Thakkar v. Good Gateway, LLC*, 831 Fed. App'x 479, 480 (11th Cir. 2020) (affirming dismissal of shareholder's appeal from bankruptcy settlement to which he was not a party because approval of the settlement "only indirectly affected his pecuniary interest in the debtor, if at all"); *Sears v. Sears (In re AFY)*, 733 F.3d 791, 793 (8th Cir. 2013) (dismissing shareholder appeal from order overruling claim objection because "[a]ny effect on appellants is indirect, based on their status as shareholders of [the debtor]"); *Kauffman v. Dreyfus Fund, Inc.*, 434 F.2d 727, 732 (3d Cir. 1970) ("A stockholder of a corporation does not acquire standing to maintain an action in his own right, as a shareholder, when . . . the only injury to the shareholder is the indirect harm which consists in the diminution in value of his corporate shares . . . .").

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** the Appellees' Motion to Dismiss and **DISMISSES** this appeal.

**SO ORDERED** on this **4th day of February 2025.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

# Tab 5

4:24-cv-00863-P

---

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

---

TIMOTHY BARTON,

*Appellant*,

v.

COURTNEY C. THOMAS, RECEIVER, DIXON WATER FOUNDATION, AND LUMAR LAND & CATTLE, LLC,

*Appellees*.

---

On Appeal from the United States Bankruptcy Court
for the Northern District of Texas, Fort Worth Division
Bankruptcy Case No. 21-04051-mxm

---

# APPELLANT'S BRIEF ON THE MERITS

---

***ORAL ARGUMENT REQUESTED***

---

Kaitlyn M. Coker
State Bar No. 24115264
kaitlyn@farmercoker.com

FARMER & COKER, PLLC
901 Main Street, Suite 5330
Dallas, Texas 75202
Tel: (214) 242-9607

*Counsel for Appellant*
*Timothy Barton*

# TABLE OF CONTENTS

**I. Table of Authorities** ........ **v**

**II. Statement Regarding Oral Argument** ........ **vi**

**III. Statement of Jurisdiction** ........ **vii**

**IV. Issues Presented** ........ **viii**

**V. Statement of the Case** ........ **9**

**VI. Statement of Facts** ........ **10**

**VII. Summary of Argument** ........ **13**

**VIII. Argument** ........ **14**

**A. The Bankruptcy Court Lacked Jurisdiction to Dismiss the Case Based on a Settlement Agreement Under Appeal** ........ **14**

1. The Filing of an Appeal Divested the Bankruptcy Court of Jurisdiction Over the Settlement Agreement ........ 15

2. The Bankruptcy Court's Dismissal Violated Barton's Right to Appellate Review of the Settlement Agreement's Enforceability ........ 16

3. Premature Dismissal of the Adversary Proceeding Contravenes Judicial Economy and Integrity ........ 17

**B. The Dismissal Based on a Disputed Settlement Agreement Violates Due Process** ........ **18**

1. Due Process Requires Final Appellate Review Before Enforcing Disputed Agreements ........ 18

2. The Dismissal Prejudiced Barton's Rights by Denying a Fair Opportunity to Challenge the Settlement Agreement's Fairness ........ 19

3. The Bankruptcy Court's Dismissal Undermines Judicial Economy and Creates Uncertainty in the Adversary Proceeding ........ 20

**C. The Court's Dismissal Should Be Stayed Pending Final Resolution on the Settlement Agreement** ........ **21**

1. Staying the Dismissal Order Preserves Barton's Right to an Unencumbered Appellate Review ....... 21

2. A Stay Supports Judicial Economy and Prevents Duplicative Litigation .. 22

3. Precedent Supports Staying Actions Based on Disputed Agreements to Uphold Procedural Integrity ....... 22

**D. Even If the Court Had Jurisdiction, It Abused Its Discretion by Prematurely Enforcing a Disputed Agreement ....... 23**

1. Discretionary Standards in Approving Dismissals or Settlements ....... 24

2. Application to Barton's Case ....... 25

**IX. Conclusion ....... 26**

# I. TABLE OF AUTHORITIES

**Cases**

*In re FBI Distribution Corp.*,
267 B.R. 655 (1st Cir. BAP 2001) ....................15, 17, 20, 22

*In re Markarian*,
228 B.R. 34 (1st Cir. BAP 1998) ....................15, 19, 23

*In re Nutritional Sourcing Corp.*,
398 B.R. 816 (Bankr. D. Del. 2008) ....................24, 25

*In re Texaco Inc.*,
84 B.R. 893 (Bankr. S.D.N.Y. 1988)....................24

*Mathews v. Eldridge*,
424 U.S. 319 (1976)....................16, 18, 22

**Statutes**

28 U.S.C. § 158(a)(1) .................... vii

**Rules**

Fed. R. Bankr. P. 9019 ....................24

Fed. R. Civ. P. 62 ....................22

## RECORD REFERENCES

Clerk's Record CC

Appendix Appx.

## II. STATEMENT REGARDING ORAL ARGUMENT

Appellant Timothy Barton respectfully requests oral argument. This appeal presents complex jurisdictional and procedural issues arising from the bankruptcy court's dismissal of an adversary proceeding based on a contested settlement agreement. The questions before the Court—whether the bankruptcy court exceeded its jurisdiction by dismissing the case while the settlement's enforceability is under appellate review, and whether the dismissal constituted an abuse of discretion—implicate substantial legal principles that benefit from further clarification and discussion.

Oral argument would assist the Court in resolving these issues by allowing counsel to address any questions regarding the scope of appellate jurisdiction, the due process implications under *Mathews v. Eldridge*, and the discretionary standards guiding bankruptcy courts in approving contested settlements. Given the potential impact of this decision on bankruptcy procedure and judicial integrity, Appellant believes that oral argument would provide a valuable opportunity to reinforce key points and respond to the Court's concerns in real-time.

For these reasons, Appellant respectfully requests oral argument to aid the Court in fully considering the jurisdictional and procedural dimensions of this appeal.

## III. STATEMENT OF JURISDICTION

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1), which grants district courts jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy courts. The order appealed from is the final dismissal of BM318, LLC's adversary proceeding against The Dixon Water Foundation and Lumar Land & Cattle, LLC, entered by the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, on August 26, 2024. CR at 56–60. This dismissal was based on a contested settlement agreement that remains under active appellate review, making the appeal both timely and within this Court's jurisdiction.

Timothy Barton, the appellant, filed a timely notice of appeal on August 21, 2024, challenging the district court's ratification of the settlement agreement underlying the bankruptcy court's dismissal. App. 7–8. This notice fulfills the requirements for appellate jurisdiction under the Federal Rules of Bankruptcy Procedure, and the appeal is properly before this Court.

## IV. ISSUES PRESENTED

1. Under federal bankruptcy precedent, does a bankruptcy court exceed its jurisdiction by dismissing an adversary proceeding based on a settlement agreement when that agreement's enforceability is actively challenged on appeal?

2. Alternatively, does a bankruptcy court abuse its discretion by dismissing an adversary proceeding with prejudice based on a disputed settlement agreement, thereby foreclosing a party's ability to resolve legitimate questions about the agreement's fairness and adequacy?

## V. STATEMENT OF THE CASE

This appeal arises from a bankruptcy court's decision to dismiss an adversary proceeding filed by BM318, LLC, a Chapter 11 debtor, based on a settlement agreement that was subsequently ratified by the district court. Timothy Barton, appellant and president of BM318, challenges this dismissal on the grounds that the enforceability of the settlement agreement remains unresolved due to his pending appeal on the district court's ratification order. CR at 56–60; App. 7–8

In August 2021, BM318 initiated an adversary proceeding in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, against The Dixon Water Foundation, seeking to avoid certain property transfers alleged to be preferential or fraudulent under the Bankruptcy Code. CR at 106. During the course of this litigation, a court-appointed Receiver assumed control of BM318 in connection with a separate SEC action against Barton in the Northern District of Texas, Dallas Division. CR at 27–52. Acting on behalf of BM318, the Receiver negotiated settlement agreements with The Dixon Water Foundation and Lumar Land & Cattle, LLC, resolving the claims in the adversary proceeding. CR at 56–60.

On May 28, 2024, the bankruptcy court approved these settlement agreements. This approval allowed the Receiver to pursue dismissal of the adversary proceeding, contingent upon ratification by the district court overseeing the SEC action. *Id.* Subsequently, on August 14, 2024, the district court granted the

Receiver's motion to ratify the settlements, deeming them beneficial to the receivership estate. App. 1–6. Barton, however, filed a timely notice of interlocutory appeal, challenging the ratification and validity of the settlement agreements. App. 7–8. Despite this pending appeal, the bankruptcy court proceeded to dismiss the adversary proceeding with prejudice on August 26, 2024, basing the dismissal on the now-ratified settlements CR at 56–60.

Barton contends that the bankruptcy court's reliance on a contested settlement agreement under active appellate review was procedurally premature and in excess of its jurisdiction. This appeal addresses the jurisdictional and due process implications of dismissing a case based on a settlement agreement whose enforceability remains subject to an unresolved appeal. *Id.*

## VI. STATEMENT OF FACTS

BM318, LLC filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, under Case No. 20-42789-mxm11, in an effort to reorganize and address creditor claims. CR at 1. As part of this process, BM318, led by its president Timothy Barton, initiated an adversary proceeding on August 10, 2021, against The Dixon Water Foundation, claiming that certain property transfers made to Dixon were preferential or fraudulent. BM318 asserted that these transfers should be avoided for the benefit of the bankruptcy estate. CR at 106.

While the bankruptcy case progressed, a separate action was unfolding in the United States District Court for the Northern District of Texas, Dallas Division, where the Securities and Exchange Commission (SEC) had filed a lawsuit against Timothy Barton. In connection with this SEC case, the district court appointed Cortney C. Thomas as Receiver over certain entities associated with Barton, including BM318. CR 26–52. This appointment, made in Cause No. 3:22-cv-2118-X, gave Thomas control over BM318's assets and decision-making authority in the adversary proceeding. *Id.*

Acting in his capacity as Receiver, Thomas negotiated separate settlement agreements with The Dixon Water Foundation and Lumar Land & Cattle, LLC, which had intervened in the adversary proceeding. These settlement agreements were intended to resolve all claims in the adversary proceeding, and they included terms for a dismissal with prejudice of BM318's claims against Dixon and Lumar. Thomas sought court approval for these settlements, asserting that they represented the best outcome for BM318's estate under the circumstances. CR at 56–58.

On May 28, 2024, the bankruptcy court approved the settlement agreements between BM318 and the defendants. App. 9–11. These approvals allowed the parties to move forward with dismissing the adversary proceeding, pending final ratification by the district court overseeing the SEC case. *Id.* The next significant step occurred on August 14, 2024, when the United States District Court for the Northern District

of Texas ratified the settlements. App. 1–6. With this ratification, the settlements became enforceable, and the parties moved closer to finalizing the terms of the dismissal. *Id.*

However, Barton contested the enforceability and fairness of these settlements, believing they undervalued the estate's assets and arguing that continued litigation could yield a higher recovery. On August 21, 2024, Barton filed a notice of interlocutory appeal in the district court, seeking to challenge the ratification of the settlement agreements. App. 7–8. Barton's appeal contested the validity of the agreements and argued that the settlements were detrimental to BM318's estate. Barton did not seek a stay of the district court's ratification order, leaving the settlement terms enforceable in the meantime. *Id.*

Following the district court's ratification, the bankruptcy court entered a Final Agreed Judgment on August 26, 2024, dismissing the adversary proceeding with prejudice. CR 56–60. This judgment, predicated on the terms of the now-ratified settlements, concluded all claims in the adversary proceeding between BM318, The Dixon Water Foundation, and Lumar Land & Cattle. This dismissal order marked the formal conclusion of the adversary proceeding, bringing closure to BM318's claims against Dixon and Lumar but prompting Barton's appeal on the grounds that the bankruptcy court acted prematurely in dismissing the case while the settlement agreements remained under appellate review. *See id.*

## VII. SUMMARY OF ARGUMENT

The bankruptcy court erred in dismissing BM318's adversary proceeding based on a settlement agreement that remains under active appellate review. When Barton filed a timely appeal contesting the enforceability of the settlement agreement, jurisdiction over the agreement's validity transferred to the appellate court. This transfer precluded the bankruptcy court from taking actions reliant on the contested settlement, including dismissing the adversary proceeding with prejudice. Established jurisprudence, as illustrated in *In re FBI Distribution Corp*. and *In re Markarian*, dictates that a lower court's authority is curtailed once an appeal is pending on an issue central to the case.

In addition to exceeding its jurisdiction, the bankruptcy court's dismissal violated Barton's due process rights. By dismissing the adversary proceeding while the appellate court's review of the settlement agreement was ongoing, the bankruptcy court deprived Barton of a meaningful opportunity to challenge the settlement's enforceability. Barton's appeal raises substantial concerns about the fairness and adequacy of the settlement, yet the dismissal, made before appellate resolution, effectively circumvented Barton's right to a full and fair appellate review.

Furthermore, even if the bankruptcy court had jurisdiction, it abused its discretion by prematurely enforcing a disputed settlement agreement. Bankruptcy courts are required to exercise caution in approving settlements or dismissals,

particularly when the agreement is actively contested or under appeal. By dismissing the adversary proceeding with prejudice based on a disputed settlement, the bankruptcy court foreclosed Barton's ability to resolve legitimate questions about the agreement's fairness and adequacy, and disregarded the discretionary standards that prioritize equitable treatment of stakeholders. This preemptive dismissal eliminated the opportunity for the estate to seek a potentially more favorable outcome through appellate review, rendering the decision an abuse of discretion.

In light of these errors, this appeal seeks reversal of the bankruptcy court's dismissal order and a remand for further proceedings pending final appellate determination on the settlement agreement's enforceability.

## VIII. ARGUMENT

### A. The Bankruptcy Court Lacked Jurisdiction to Dismiss the Case Based on a Settlement Agreement Under Appeal

The bankruptcy court exceeded its jurisdiction by dismissing BM318's adversary proceeding based on a settlement agreement that remains under appellate review. Once Barton filed a timely appeal contesting the enforceability of the settlement agreement, jurisdiction over matters related to that agreement transferred to the appellate court, rendering the bankruptcy court without authority to take further action on the disputed settlement. Established case law and statutory authority support this jurisdictional limitation in bankruptcy appeals, as demonstrated in *In re FBI Distribution Corp.* and *In re Markarian*.

#### 1. The Filing of an Appeal Divested the Bankruptcy Court of Jurisdiction Over the Settlement Agreement

The filing of a notice of appeal transfers jurisdiction over the issues on appeal from the bankruptcy court to the appellate court, precluding the lower court from taking actions that affect the appellate issue. Here, Barton's notice of appeal, filed on August 21, 2024, directly contested the district court's ratification of the settlement agreement central to the dismissal order. App. 7–8. By challenging the validity and enforceability of the settlement, Barton placed the agreement squarely within the jurisdiction of the appellate court.

Courts have consistently held that a bankruptcy court's jurisdiction is restricted once an appeal is filed on a critical issue. In *In re FBI Distribution Corp.*, the First Circuit Bankruptcy Appellate Panel (BAP) emphasized that the lower court loses jurisdiction over the subject matter of an appeal and must refrain from actions that could affect the appealed issue until the appellate court renders a final determination, protecting the appellant's rights to appellate review. *In re FBI Distribution Corp.*, 267 B.R. 655, 656 (1st Cir. BAP 2001). Similarly, in *In re Markarian*, the BAP reaffirmed that a lower court lacks jurisdiction to enforce or dismiss claims dependent on an agreement under appeal, underscoring the necessity for judicial restraint when the validity of such agreements is in question. *In re Markarian*, 228 B.R. 34, 47 (1st Cir. BAP 1998).

Applying this jurisdictional principle to the present case, the bankruptcy court's dismissal of the adversary proceeding prematurely assumed the enforceability of the contested settlement agreement. Barton's pending appeal effectively suspended the bankruptcy court's authority to dismiss the proceeding based on the agreement, as its validity remained unresolved on appeal. *See* App. 7–8.

**2. The Bankruptcy Court's Dismissal Violated Barton's Right to Appellate Review of the Settlement Agreement's Enforceability**

The dismissal not only exceeded jurisdictional bounds but also infringed upon Barton's due process rights by denying him meaningful appellate review. By dismissing the adversary proceeding with prejudice while the settlement's validity was actively contested, the bankruptcy court effectively disregarded Barton's objections and curtailed his right to a thorough appellate examination. Established due process principles underscore a party's entitlement to a complete and impartial appellate review before enforceability actions are taken on contested agreements. *See Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976).

Furthermore, Barton's interlocutory appeal raised substantial concerns about the adequacy and fairness of the settlement's terms, questioning whether it reflected the best interests of the bankruptcy estate. CR at 56–60. Without appellate scrutiny, Barton and the bankruptcy estate risk losing significant recovery rights should the settlement be modified or vacated on appeal. Dismissing the proceeding before this

review unfairly prejudiced Barton and undercut the appellate court's role in resolving the contested agreement.

**3. Premature Dismissal of the Adversary Proceeding Contravenes Judicial Economy and Integrity**

Courts routinely defer decisions on contested agreements pending appellate resolution to ensure judicial economy and prevent potentially reversible actions. *See In re FBI Distribution Corp.*, 267 B.R. at 656. By dismissing BM318's claims in reliance on the disputed settlement, the bankruptcy court risked an outcome that may be overturned if the appellate court finds the agreement unenforceable. Courts have recognized that deferring final actions on disputed agreements preserves judicial resources and respects appellate processes. *See id.*

In sum, the bankruptcy court's decision to dismiss BM318's adversary proceeding was premature, procedurally flawed, and exceeded its jurisdiction. Barton's timely appeal divested the bankruptcy court of authority over the settlement's enforceability, entitling him to a complete appellate review before any final action affecting his rights. For these reasons, this Court should vacate the dismissal order and remand the case for further proceedings pending the appellate court's determination on the enforceability of the settlement.

### B. The Dismissal Based on a Disputed Settlement Agreement Violates Due Process

By dismissing the adversary proceeding based on a settlement agreement that remains under appeal, the bankruptcy court prematurely assumed the agreement's enforceability, denying Barton his due process right to a complete appellate review before the agreement could form the basis for any binding judgment. Due process mandates that a party affected by a contested agreement have an opportunity to challenge that agreement fully in the appropriate appellate forum before it is enforced. *See Matthews*, 424 U.S. at 333. This principle is particularly vital in bankruptcy, where stakeholders rely on the equitable distribution of assets, and procedural shortcuts can compromise the rights of the estate and its beneficiaries.

#### 1. Due Process Requires Final Appellate Review Before Enforcing Disputed Agreements

Due process in civil cases requires that parties have "the opportunity to be heard at a meaningful time and in a meaningful manner" before their substantive rights are affected. *Id*. Barton's interlocutory appeal to the district court, filed on August 21, 2024, challenged the fairness and adequacy of the settlement terms, raising significant issues regarding its value and benefit to BM318's bankruptcy estate. App. 7–8. The bankruptcy court's reliance on the settlement agreement to dismiss the adversary proceeding effectively rendered Barton's appeal futile, as it presupposed the settlement's enforceability without allowing full appellate scrutiny.

When an appeal questions the enforceability of a settlement agreement, courts generally recognize the prudence of holding in abeyance any final actions predicated on that agreement until appellate review is complete. In *In re Markarian*, the Bankruptcy Appellate Panel stressed that enforcing an agreement under appellate review prejudices the appellant's right to contest its validity, thus violating procedural integrity and due process protections. 228 B.R. at 47.

**2. The Dismissal Prejudiced Barton's Rights by Denying a Fair Opportunity to Challenge the Settlement Agreement's Fairness**

The bankruptcy court's dismissal with prejudice foreclosed Barton's ability to challenge the settlement's terms and pursue alternative remedies. Barton's appeal contested whether the settlement agreement adequately represented the value of BM318's claims and whether it served the best interests of the bankruptcy estate. CR at 56–60. By dismissing the adversary proceeding without awaiting the appellate court's decision, the bankruptcy court ignored Barton's concerns, depriving him and the estate of potentially substantial recovery rights that could have been secured through litigation or renegotiated settlement terms.

Bankruptcy courts have a duty to protect the interests of the estate and its stakeholders by ensuring that settlement agreements are not enforced prematurely or in ways that compromise procedural fairness. The principle that lower courts should defer to appellate review on disputed matters is well-supported, as seen in *In re FBI Distribution Corp.*, where the First Circuit Bankruptcy Appellate Panel emphasized

that lower courts should exercise restraint when an appeal is pending, to protect against potentially prejudicial outcomes 267 B.R. at 656.

### 3. The Bankruptcy Court's Dismissal Undermines Judicial Economy and Creates Uncertainty in the Adversary Proceeding

The dismissal of the adversary proceeding without awaiting the appellate court's final determination on the settlement agreement's enforceability undermines judicial economy and creates procedural uncertainty. If the appellate court ultimately finds that the settlement agreement is unenforceable or requires modification, the adversary proceeding will need to be reinstated, causing further delays and additional costs. The potential for reversible error underscores why courts typically avoid actions that rely on agreements under active appeal. As the First Circuit Bankruptcy Appellate Panel noted in *FBI Distribution*, staying enforcement until final appellate review is complete preserves judicial resources and maintains procedural consistency. 267 B.R. at 656.

In sum, by enforcing the settlement agreement through a dismissal order while Barton's appeal was still pending, the bankruptcy court acted prematurely and denied Barton the due process protections to which he was entitled. The court's reliance on an unresolved settlement agreement undermines the integrity of the appellate process and poses a risk of prejudicing the rights of the bankruptcy estate and its stakeholders. To restore these due process protections, this Court should vacate the dismissal order and remand the case, allowing the appellate court to determine the

enforceability of the settlement agreement before any binding dismissal action is taken.

### C. The Court's Dismissal Should Be Stayed Pending Final Resolution on the Settlement Agreement

Given the unresolved appellate review of the settlement agreement's enforceability, the bankruptcy court's dismissal should be stayed until a final appellate determination is reached. Courts have consistently held that when an agreement central to a case is actively contested on appeal, staying dismissal or enforcement actions is necessary to protect the appellate process, prevent unnecessary expenditures of judicial resources, and uphold the procedural rights of the parties involved. In this case, a stay on the dismissal order is essential to ensure that Barton's appeal can proceed without prejudice and that the rights of BM318's estate are not prematurely extinguished.

#### 1. Staying the Dismissal Order Preserves Barton's Right to an Unencumbered Appellate Review

A stay on the bankruptcy court's dismissal is warranted to preserve Barton's procedural right to challenge the settlement agreement on appeal. As Barton's interlocutory appeal specifically contests the fairness and adequacy of the settlement, dismissing the adversary proceeding prior to a final determination from the appellate court would undermine his right to a complete and fair review. Maintaining the status quo during appellate proceedings is vital to ensuring the

appellate court's decision remains meaningful and effective. *See* Fed. R. Civ. P. 62. The preservation of Barton's appellate rights aligns with due process principles that safeguard a party's ability to seek redress in a higher court before final actions are taken on contested issues. *See Mathews*, 424 U.S. at 333.

**2. A Stay Supports Judicial Economy and Prevents Duplicative Litigation**

Staying the dismissal also serves judicial economy by reducing the risk of duplicative proceedings. If the appellate court modifies or invalidates the settlement agreement, the bankruptcy court's dismissal order would need to be vacated, requiring the adversary proceeding to be reopened. Such a scenario not only wastes judicial resources but also imposes additional costs and delays on the parties. By staying the dismissal order, the court ensures that resources are allocated efficiently and that any further proceedings align with the appellate court's ultimate ruling on the enforceability of the settlement. The First Circuit Bankruptcy Appellate Panel in *In re FBI Distribution Corp.* emphasized that holding actions in abeyance pending appellate review conserves judicial resources and promotes procedural consistency, especially when substantial rights are at stake. 267 B.R. at 656.

**3. Precedent Supports Staying Actions Based on Disputed Agreements to Uphold Procedural Integrity**

Case law supports the issuance of a stay where a contested settlement agreement forms the basis for a dismissal, given that enforcing such a dismissal

prematurely undermines procedural integrity. In *In re Markarian*, the Bankruptcy Appellate Panel held that lower courts should exercise caution in acting on agreements under appellate review, as premature enforcement risks compromising the appellate court's jurisdiction and the parties' rights. 228 B.R. at 47–48. By issuing a stay, this Court can uphold the integrity of the appellate process and avoid any prejudicial effects on Barton's rights or the estate's recovery potential.

In sum, staying the bankruptcy court's dismissal pending a final resolution of Barton's appeal promotes judicial economy, preserves due process, and respects the procedural integrity of the appellate process. A stay is essential to prevent the premature enforcement of a disputed settlement and to allow Barton's appeal to proceed without risk of mootness. Therefore, this Court should stay the dismissal order and await the appellate court's conclusive determination on the enforceability of the settlement agreement.

**D. Even If the Court Had Jurisdiction, It Abused Its Discretion by Prematurely Enforcing a Disputed Agreement**

Even if this Court finds that the bankruptcy court had jurisdiction to dismiss the adversary proceeding, the decision to do so constituted an abuse of discretion. When considering the dismissal of a proceeding based on a settlement agreement, bankruptcy courts are guided by discretionary standards that require a careful assessment of fairness, equity, and the interests of all parties involved, particularly when the settlement terms are contested. Here, by dismissing the adversary

proceeding with prejudice based on an agreement under active appellate challenge, the bankruptcy court prematurely foreclosed Barton's ability to resolve legitimate questions about the settlement's enforceability, thus abusing its discretion.

**1. Discretionary Standards in Approving Dismissals or Settlements**

Bankruptcy courts have broad discretion in approving settlements and dismissals, but that discretion must be exercised with caution, especially when there are unresolved disputes regarding the agreement's validity or fairness. *In re Texaco Inc.*, 84 B.R. 893, 901–902 (Bankr. S.D.N.Y. 1988). Under Rule 9019 of the Federal Rules of Bankruptcy Procedure, courts are required to evaluate proposed settlements based on the fairness, reasonableness, and adequacy of the agreement. Fed. R. Bankr. P. 9019. Courts are to consider several factors, including the probability of success on the merits, potential difficulties in collection, the complexity and expense of litigation, and the interests of creditors. *In re Texaco Inc.*, 84 B.R. at 901–02.

In addition to these standards, courts must be particularly careful not to approve settlements or dismissals that may adversely impact the rights of stakeholders without full consideration of the issues at hand. *In re Nutritional Sourcing Corp.*, 398 B.R. 816, 837 (Bankr. D. Del. 2008). When settlements are contested or under appeal, courts should defer final actions that may compromise a party's substantive rights until those disputes are conclusively resolved. *Id.* This discretionary standard aligns with the equitable goals of bankruptcy, which require

that all stakeholders receive fair treatment and that potential recoveries for the estate are maximized. *Id.* at 833.

**2. Application to Barton's Case**

In dismissing BM318's adversary proceeding based on a settlement agreement whose enforceability Barton actively contested on appeal, the bankruptcy court abused its discretion by disregarding Barton's legitimate concerns and prematurely eliminating the adversary claims. Barton's appeal raises substantial questions about the fairness and adequacy of the settlement, specifically whether it adequately reflects the value of BM318's claims and serves the best interests of the bankruptcy estate. CR at 56–60. By issuing a dismissal with prejudice, the bankruptcy court foreclosed Barton's ability to obtain a full review of the settlement's terms and deprived the estate of potential recovery if the appellate court ultimately finds the settlement unenforceable or requires modifications.

This preemptive dismissal contrasts sharply with the discretionary standards outlined in *In re Texaco Inc.* and *In re Nutritional Sourcing Corp.*, where courts exercised caution to avoid prejudicing stakeholder rights pending the resolution of material disputes. A more judicious approach would have been to stay the adversary proceeding or hold it in abeyance pending a final appellate determination on the enforceability of the settlement agreement. Such an approach would have protected

Barton's right to contest the agreement fully while avoiding the risk of prejudice against the estate's potential recovery.

In sum, the bankruptcy court's decision to enforce the settlement agreement and dismiss the adversary proceeding with prejudice, despite the pending appeal, constitutes an abuse of discretion. The court's actions disregarded established standards for evaluating settlements, ignored the unresolved nature of the dispute, and prematurely foreclosed Barton's opportunity to achieve a fair resolution of his claims. For these reasons, the dismissal order should be vacated, or at the very least, stayed until the appellate court has rendered a final decision on the enforceability of the settlement agreement.

## IX. CONCLUSION

For the foregoing reasons, this Court should vacate the bankruptcy court's dismissal of BM318's adversary proceeding and remand the case for further proceedings consistent with the appellate review of the settlement agreement. The bankruptcy court's dismissal order relied on an agreement whose enforceability remains contested on appeal, thereby exceeding its jurisdiction, depriving Barton of due process, and prematurely foreclosing the estate's potential recovery.

Moreover, by enforcing a settlement agreement still under appellate review, the bankruptcy court disregarded established discretionary standards, resulting in an abuse of discretion. Barton's timely appeal raises legitimate questions about the

fairness and adequacy of the settlement, and a final dismissal based on these unresolved issues undermines the integrity of the appellate process and the rights of all stakeholders.

This Court's intervention is necessary to ensure that Barton's appeal receives full and fair consideration before any binding enforcement action is taken on the disputed agreement. Accordingly, this Court should vacate the dismissal order, stay further proceedings on the adversary claims, and permit the appellate review of the settlement agreement to proceed without prejudice to Barton's rights or the estate's interests.

Respectfully submitted,

/s/*Kaitlyn M. Coker*

Kaitlyn M. Coker
TX Bar No. 24115264
kaitlyn@farmercoker.com

FARMER & COKER, PLLC
901 Main Street, Suite 5330
Dallas, Texas 75202
Tel: (214) 242-9607

**ATTORNEY FOR APPELLANT TIMOTHY BARTON**

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitation of Federal Rule of Bankruptcy Procedure 8015(a)(7)(B). The brief contains 4,252 words, excluding the parts of the brief exempted by Federal Rule of Bankruptcy Procedure 8015(g).

This brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font, consistent with the requirements of Federal Rule of Bankruptcy Procedure 8015(a)(5) and (6).

Dated: November 4, 2024

/s/*Kaitlyn M. Coker*
Farmer & Coker, PLLC
901 Main Street, Suite 5330
Dallas, Texas 75202
Tel: (214) 242-9607
kaitlyn@farmercoker.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2024, I electronically filed the foregoing brief with the Clerk of the Court for the United States District Court for the Northern District of Texas by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Dated: November 4, 2024

/s/*Kaitlyn M. Coker*
Farmer & Coker, PLLC
901 Main Street, Suite 5330
Dallas, Texas 75202
Tel: (214) 242-9607
kaitlyn@farmercoker.com

# Tab 6

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re:<br><br>BM318, LLC,<br><br>Debtor. | §<br>§<br>§<br>§<br>§<br>§ | Case No. 20-42789 |
| Timothy Barton, *et al.*,[1]<br><br>Appellants,<br><br>v.<br><br>Cortney C. Thomas, Receiver, *et al.*,<br><br>Appellees. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:24-cv-863-P<br><br>*Appeal from Adv. No. 21-04051<br>U.S. Bankruptcy Court<br>Northern District of Texas* |

**JOINT MOTION TO DISMISS APPEAL**

NOW COME appellees The Dixon Water Foundation ("Dixon"), Cortney C. Thomas, in his capacity as the receiver (the "Receiver") for BM318, LLC (the "Debtor"), and Lumar Land & Cattle, LLC ("Lumar", and collectively with the Receiver and Dixon, the "Appellees"), and file this *Joint Motion to Dismiss Appeal* (the "Motion"), in support of which they respectfully show as follows:

[1] As set forth herein, Timothy Barton is not a proper appellant as he does not possess standing to bring this appeal either on behalf of BM318 or in his individual capacity.



4854-1284-9913v.4 018527.00001

## I. SUMMARY

1. In connection with its bankruptcy case, the Debtor sued Dixon in an adversary proceeding, and Lumar intervened. The District Court later appointed the Receiver to take control of the Debtor and numerous other entities. The Receiver, on behalf of the Debtor, Dixon, and Lumar then settled the adversary proceeding, the Bankruptcy Court entered orders approving the settlements and the District Court entered an order ratifying the settlements.

2. Barton, the Debtor's former president, appealed the District Court's ratification order but not the Bankruptcy Court's settlement orders. He did not seek a stay pending appeal. Meanwhile, in accordance with the Settlement (defined herein), the Bankruptcy Court entered an agreed judgment resolving the adversary proceeding. Barton, a stranger to the adversary proceeding, filed a notice of appeal, despite the fact that he never sought to intervene and never appeared in the adversary proceeding beforehand.

3. The Court should dismiss this appeal for at least the following three reasons. First, the Receivership Order deprived Barton of the corporate authority to initiate an appeal on behalf of the Debtor. Second, Barton does not have standing to appeal in his individual capacity. He is not a party to the adversary proceeding; he does not have Constitutional standing because he cannot establish injury or redressability; and he cannot satisfy the heightened "person aggrieved" standard that

applies in bankruptcy appeals. Third, even if Barton had standing, litigants cannot appeal from agreed judgments under applicable Fifth Circuit and Supreme Court precedent.

## II. BACKGROUND

4. On September 1, 2020, the Debtor filed a voluntary chapter 11 petition, thereby initiating Case No. 20-42789 (the "Bankruptcy Case") in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Bankruptcy Court").[2] Neither the Debtor's bankruptcy schedules nor the Bankruptcy Court's claims register list Barton as a creditor.[3]

5. On August 10, 2021, the Debtor filed Adv. No. 21-04051 (the "Adversary Proceeding") against Dixon, seeking to recover alleged preferential and fraudulent transfers.[4] The Bankruptcy Court entered an order authorizing Lumar to intervene on February 14, 2022,[5] and Lumar filed a complaint in intervention two days later on February 16, 2022.[6]

6. On November 29, 2023, the United States District Court for the Northern District of Texas, Dallas Division (the "District Court"), in Civ. Act. No.

[2] Appx. 1, 99.

[3] Appx. 97-98, 104-121.

[4] Appx. 16-18.

[5] Appx. 20 (Dkt. No. 32).

[6] Appx. 20 (Dkt. No. 33).

3:22-cv-2118-x (the "Receivership Proceeding"), entered its *Order Appointing Receiver* (the "Receivership Order").[7] Based on Barton's misconduct, the Receivership Order appointed the Receiver to take exclusive possession and control of the Debtor and numerous other entities.[8]

7. Vested with this authority, the Receiver, on behalf of the Debtor, entered into settlement agreements with Dixon and Lumar (collectively, the "Settlement") to resolve the Adversary Proceeding, and he caused the Debtor to join in filing joint motions to approve those settlements in the Bankruptcy Case (the "Settlement Motions").[9] The Bankruptcy Court entered orders approving the settlements on May 28, 2024 (the "Settlement Orders").[10] Barton did not appeal the Settlement Orders. The Settlement Orders are final and non-appealable. The Receiver then filed a motion to ratify the settlements in the Receivership Proceeding,[11] which the District Court granted on August 14, 2024 (the "Ratification Order").[12] Barton appealed the Ratification Order on August 21, 2024,[13] but he did not seek a stay pending appeal.

[7] Appx. 81 (Dkt. No. 417).

[8] Appx. 122-149.

[9] Appx. 13 (Dkt. Nos. 147, 149).

[10] Appx. 15 (Dkt. Nos. 163, 164).

[11] Appx. 90 (Dkt. No. 524).

[12] Appx. 92 (Dkt. No. 550).

[13] Appx. 93 (Dkt. No. 554).

8. Based on the court-approved Settlement, the Appellees—*i.e.*, the parties to the Adversary Proceeding—submitted an agreed judgment, which the Bankruptcy Court entered on August 26, 2024 (the "Agreed Judgment").[14] Barton, having never appeared in the Adversary Proceeding,[15] inexplicably filed a notice of appeal from the Agreed Judgment on September 6, 2024,[16] which he amended at the Clerk's request on September 10, 2024 (the "Notice of Appeal").[17] The Notice of Appeal suggests Barton appealed the Agreed Judgment "as President of [the Debtor], Pro Se …."[18] He signed the Notice of Appeal in his individual capacity, *pro se*.[19] Nevertheless, he hand-wrote "Appellant" next to the Debtor's name in the Notice of Appeal,[20] which evidently caused the Clerk to identify the Debtor as an appellant when transmitting the Appeal to this Court. Barton also failed to timely designate the record on appeal. There is nothing in the mini-record transmitted by the Clerk of Court that supports that Barton has standing nor would Barton be able to establish standing with any record.

---

[14] Appx. 150.

[15] The hearing to consider approval of the Settlement occurred in the Bankruptcy Court where the Settlement Motions were filed, not in the Adversary Proceeding. *See FDIC of Maryland v. Morris* (*In re Morris*), 950 F.2d 1531, 1534 (11th Cir. 1992) (an adversary proceeding is a distinct proceeding from a main bankruptcy case).

[16] Appx. 31 (Dkt. No. 144).

[17] Appx. 31 (Dkt. No. 147).

[18] Appx. 198.

[19] Appx. 200.

[20] Appx. 199.

# III. ARGUMENT & AUTHORITIES

## A. Barton lacks authority to initiate an appeal on behalf of the Debtor and therefore brings this appeal in his individual capacity only.

9. Barton lacks authority to initiate an appeal on behalf of the Debtor. Among other things, the Receivership Order provides as follows with respect to the "Receivership Entities," including the Debtor:

> 4. The trustees, directors, officers, managers, employees, investment advisers, accountants, attorneys and other agents of the Receivership Entities are hereby dismissed and the powers of any general partners, directors and/or managers are hereby suspended. Such persons and entities shall have no authority with respect to the Receivership Entities' operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operations of the Receivership Entities and shall pursue and preserve all of their claims.
>
> 5. No person holding or claiming any position of any sort with any of the Receivership Entities shall possess any authority to act by or on behalf of any of the Receivership Entities.
>
> 6. Subject to the specific provisions in Sections II through XII below, the Receiver shall have the following general powers and duties:
>
> * * *
>
> C. To manage, control, operate, and maintain the Receivership Estates and hold in his possession, custody, and control all Receivership Property, pending further Order of this Court;
>
> * * *

> J. To pursue, resist, defend, compromise or otherwise dispose of all suits, actions, claims, and demands which may now be pending or which may be brought by or asserted against the Receivership Entities[21]

10. Under the Receivership Order, in other words, the Receiver has the exclusive right to direct the Debtor's corporate governance and to prosecute or settle the Debtor's claims in the Adversary Proceeding. Barton appealed the Receivership Order,[22] but Barton did not seek a stay pending appeal. The Receivership Order therefore remains in full force and effect, *see Coleman v. Tollefson*, 575 U.S. 532, 539 (2015) ("Unless a court issues a stay, a trial court's judgment … normally takes effect despite a pending appeal."), so Barton lacks authority to act on the Debtor's behalf, whether by filing a notice of appeal or otherwise.

**B. Barton does not have standing to bring this appeal.**

11. Lacking authority to act on behalf of the Debtor, Barton also lacks standing in his individual capacity for three reasons. First, Barton is not a party to the Adversary Proceeding, and he never sought to intervene. Binding case law—including the Fifth Circuit's holding in a similar case involving Barton—prohibits non-parties from appealing. Second, Barton lacks constitutional standing. He did not suffer a concrete, particularized injury, and the Court cannot afford meaningful

[21] Appx. 124-129.

[22] Appx. 82 (Dkt. No. 429).

relief. Third, Barton lacks prudential standing because he is not a "party aggrieved" by the Agreed Judgment as required in bankruptcy appeals. The Court should therefore dismiss this appeal.

***i. Barton lacks standing because he was not a party to this litigation.***

12. Barton has done this before. As the Fifth Circuit recently summarized in a an analogous case where Barton likewise sought to appeal a judgment to which he was not a party:

> "The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled." *Marino v. Ortiz*, 484 U.S. 301, 304 (1988); *see also Bayard v. Lombard*, 50 U.S. 530, 546 (1850) (holding that a writ of error "cannot be sued out by persons who are not parties to the record, . . . [or] by strangers to the judgment and proceedings . . . "); *Payne v. Niles*, 61 U.S. 219, 221 (1857) ("[I]t is very well settled in all common-law courts, that no one can bring up, as plaintiff in a writ of error, the judgment of an inferior court to a superior one, unless he was a party to the judgment in the court below . . . ."); *United States ex rel. La. v. Boarman*, 244 U.S. 397, 402 (1917) (describing the principle proscribing nonparty appeals "as a subject no longer open to discussion").
>
> The courts of appeals have recognized limited exceptions to this rule. The Supreme Court has regarded these exceptions with, at best, skepticism. *See Marino*, 484 U.S. at 304 ("The Court of Appeals suggested that there may be exceptions to this general rule, primarily when the nonparty has an interest that is affected by the trial court's judgment . . . . We think the better practice is for such a nonparty to seek intervention for purposes of appeal; denials of such motions are, of course, appealable." (internal quotation marks and citation omitted)); *United*



4854-1284-9913v.4 018527.00001

> *States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009) ("The Court has further indicated that intervention is the requisite method for a nonparty to become a party to a lawsuit.").

*Barton v. HNGH Turtle Creek, LLC (In the Matter of 2999TC Acquisitions, LLC)*, No. 23-10648, 2024 WL 1283342, *1-2 (5th Cir. Mar. 26, 2024) (quoting *United States v. Slovacek*, 699 F.3d 423, 426–27 (5th Cir. 2012) (parallel citations omitted)).

13. As set forth succinctly by the United States Supreme Court, "A 'party' to litigation is '[o]ne by or against whom a lawsuit is brought.' . . . An individual may also become a 'party' to a lawsuit by intervening in the action." *United States, ex rel. Eisenstein v. City of New York,* 556 U.S. 928, 933 (2009) (internal citations omitted). Barton never sought to intervene in the Adversary Proceeding. He did not appear until he filed his notice of appeal.[23] He also failed to intervene or appear in *Barton v. HNGH Turtle Creek*, 2024 WL 1283342, and the Fifth Circuit dismissed his appeal. The Court should therefore dismiss this appeal for the same reason the Fifth Circuit dismissed Barton's appeal in *Barton v. HNGH Turtle Creek*, 2024 WL 1283342—"he cannot appeal as a stranger to the proceeding below." *Id.* at * 2.

---

[23] The Bankruptcy Case and the Adversary Proceeding are two distinct cases and proceedings, therefore, Barton's appearance to orally object to the Settlements in the hearing in the Bankruptcy Case did not constitute an appearance in the Adversary Proceeding. *See FDIC of Maryland v. Morris* (*In re Morris*), 950 F.2d 1531, 1534 (11th Cir. 1992).

***ii. Barton lacks Constitutional standing.***

14. "Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Murthy v. Missouri*, 603 U.S. 43, 56 (2024). A case or controversy cannot exist without standing. *Id.* A seminal Supreme Court case on standing provides:

> Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations omitted). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* at 561. *See also*, *Murthy*, 603 U.S. at 57 ("A proper case or controversy exists only when at least one plaintiff 'establish(es) that [she] has standing to sue'").

15. Barton cannot meet this burden. He has no concrete, particularized, actual, and imminent injury. It does not appear he even claims to have an injury in his own right. In his principal brief, Barton speaks in terms of injury to the Debtor.

*See* Dkt. No. 12, p. 5 ("Barton contested the enforceability and fairness of these settlements, believing they undervalued the [bankruptcy] estate's assets" and "argued that the settlements were detrimental to [the Debtor]'s estate"). As stated by the United States Supreme Court, "By particularized, we mean that the injury must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 561, n.l. "[A] party generally may not appeal a district court's order to champion the rights of another, and even 'an indirect financial stake in another party's claims is insufficient to create standing on appeal.'" *Rohm & Hass Texas, Inc. v. Ortiz Bros. Insulation, Inc., et al.*, 32 F.3d 205 (5th Cir. 1994).

16. Nor is it likely, but merely speculative, that a favorable decision in this appeal will redress Barton's hypothetical injury. Barton never appealed the Settlement Orders, and the deadline passed long ago. Barton's real grievance emanates from the court-approved Settlement, pursuant to which the Appellees agreed to submit the Agreed Judgment. But reversing the Agreed Judgment will not reverse the Bankruptcy Court's decision to approve the Settlement. That decision will stand because it was not appealed, so the Court cannot give Barton what he really seeks, to unwind the Settlement. Without redressability, there is no standing.

***iii. Barton lacks prudential standing required in bankruptcy appeals.***

17. Special prudential standing rules applicable in bankruptcy further limit Barton's appellate prospects. "In bankruptcy litigation, the mishmash of multiple

parties and multiple claims can render things labyrinthine, to say the least." *Furlough v. Cage (Matter of Technicool Systems, Inc.)*, 896 F.3d 382, 384 (5th Cir. 2018). "To dissuade umpteen appeals raising umpteen issues, courts impose a stringent-yet-prudent standing requirement: Only those directly, adversely, and financially impacted by a bankruptcy order may appeal it." *Id.*

18. "The narrow inquiry for bankruptcy standing—known as the 'person aggrieved' test—is 'more exacting' than the test for Article III standing." *Id.* at 385. The Fifth Circuit elaborated on the "person aggrieved" standard as follows:

> Rather than showing the customary fairly traceable causal connection, a bankruptcy appellant must instead show that he was directly and adversely affected pecuniarily by the order of the bankruptcy court. In essence, bankruptcy standing requires a higher causal nexus between act and injury. This restriction narrows the playing field, ensuring that only those with a direct, financial stake in a given order can appeal it. Thus in bankruptcy litigation, as in life, the more money we come across, the more problems we see."

*Id.* Barton cannot demonstrate that the Agreed Judgment "directly and adversely affected [him] pecuniarily" or otherwise, for the same reason the appellant in *Furlough v. Cage* could not.

19. In that case, Furlough, who owned debtor Technicool Systems, objected to the chapter 7 trustee's application to employ counsel. He claimed the firm had a conflict because they represented the largest creditor, NOV. He worried the firm would fail to disclose problems with NOV's claim, depriving him of the



4854-1284-9913v.4 018527.00001

opportunity as the debtor's owner to recover any surplus assets. *Id.* at 386. "Furlough's argument [was] essentially that if NOV's claim ceased to exist or dramatically decreased, the estate's assets would exceed its debt, and he would benefit financially." *Id.* Even if that were true "it would not be a direct result of [the] appeal." And "[t]his speculative prospect of harm [was] far from a direct, adverse, pecuniary hit." *Id.* As Judge Willett put it, "[t]he order must burden his pocket before he burdens a docket." *Id.*

20. The same goes for Barton here. The Agreed Judgment has not resulted and will not result in any direct, adverse, pecuniary hit to Barton. The Court should therefore dismiss his appeal.

**C. Agreed judgments, such as the judgment at issue here, generally are not appealable.**

21. Even if Barton had authority to cause BM318 to bring this appeal, and even if he had standing, "[a]ppeals cannot be taken from agreed judgments such as this one was, and, for that reason alone the appeal fails." *White & Yarborough v. Dailey*, 228 F.2d 836, 837 (5th Cir. 1955). The rule against appealing agreed or consent judgments applies nearly universally across the country, subject to varying exceptions. *See Swift & Co. v. U.S.*, 276 U.S. 311, 323-24 (1928) (subject to certain exceptions, a consent decree is always affirmed without considering the merits); *Verzilli v. Flexon, Inc.*, 295 F.3d 421, 424 (3d Cir. 2002) ("as a general rule, a party cannot appeal a consent judgment"); *New York ex rel. Vacco v. Operation Rescue*

*Nat'l*, 80 F.3d 64, 69 (2d Cir. 1996) ("Appeal from a consent judgment is generally unavailable on the ground that the parties are deemed to have waived any objections to matters within the scope of the judgment."); *Mock v. T.G.&Y. Stores Co.*, 971 F.2d 522, 526 (10th Cir. 1992) (it is "the well-accepted rule" that "an appeal ordinarily may not be taken from a consent judgment"); *Laczay v. Ross Adhesives, a Division of Conros Corp.*, 855 F.2d 351, 351 (6th Cir. 1988) ("As a general rule, neither party may appeal from an agreed judgment because it is not an involuntary adverse judgment."); *Cohen v. Virginia Elec. and Power Co.*, 788 F.2d 247, 249 (4th Cir. 1986) ("Had Cohen desired to preserve is right to appeal … he might have embodied that reservation in the judgment. Because he has not done so, we may not entertain his appeal from the consent judgment.").

22. None of the exceptions to the rule against appealing agreed judgments applies here. An exception lies, for example, where there was a lack of consent, lack of federal jurisdiction, a mistake, or fraud in obtaining consent. *Mock v. T.G.&Y. Stores*, 971 F.2d at 527 n.5 (citing *Swift & Co. v. U.S.*, 276 U.S. at 324). But none of the parties to the Agreed Judgment claims these things. Rather, they have all joined in this Motion to defend the Agreed Judgment. Another exception lies where the judgment expressly reserves the right to appeal, *see id.* at 527, though this exception may have limited application in the Fifth Circuit. *See Amstar Corp. v. Southern Pac. Transport Co. of Tex. and La.*, 607 F.2d 1100, 1100 (5th Cir. 1979)

("Although the consent judgment contained a recognition that the plaintiff wished to appeal the issue of the limitation of damages, the fact that both parties freely consented to the entry of a final judgment precludes appeal from it."). Even if it applies, the Agreed Judgment does not purport to preserve any appellate rights.

23. Similarly, an exception exists where the parties agree to a judgment in order to facilitate appellate review of a prior order. *Laczay v. Ross Adhesives*, 855 F.2d at 351 (quoting *Raceways Props., Inc. v. Emprise Corp.*, 613 F.2d 656, 657 (6th Cir. 1980), for the proposition that "There is an exception … when the appellants' 'solicitation of the formal dismissal was designed only to expedite review of [a prior] order which had in effect dismissed appellants' complaint.'"). But this exception does not apply either. As the Agreed Judgment itself recites, the parties entered into it in order to facilitate court-approved settlements and to dismiss all claims between them. It neither expressly nor implicitly contemplates further review.

24. Finally, an exception to the rule against appealing agreed judgments exists where the trial court lacked jurisdiction to enter the agreed judgment. *Mock v. T.G.&Y. Stores*, 971 F.2d at 527 n.5 (citing *Swift & Co. v. U.S.*, 276 U.S. at 324). Barton has suggested in his brief that the Bankruptcy Court lacked jurisdiction to enter the Agreed Judgment because he appealed the Ratification Order in the District Court. But he has never provided—and the Appellees have not found—any

compelling authority to support the proposition that appealing an order in one court can deprive another court of jurisdiction in a related matter. Indeed, the Fifth Circuit, in the underlying Receivership Case, suggests the opposite. *See Sec. & Exch. Comm'n v. Barton*, 79 F.4th 573, 579 (5th Cir. 2023) (citing *Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897, 928 (5th Cir. 1983), for the proposition that, "'[t]his circuit follows the general rule that the filing of a valid notice of appeal from a final order of the district court divests that court of jurisdiction to act on the matters involved in the appeal, except to … enforce its judgment so long as the judgment has not been stayed or superseded.'")*; see also Russell v. Ingegneri*, 2016 WL 4379536, *3 (N.D. Al. 17, 2016) ("Filing an appeal divests a district court of jurisdiction over the case appealed, but it does not divest other federal courts of jurisdiction over other matters involving the party, even if the matters are factually related."); *U.S. v. Mendoza*, 290 F.Supp.2d 925, 930 (N.D. Cal. 2005) ("The fact that the government filed a notice of appeal in a separate, but related, case does not divest this Court of jurisdiction."). Since no exception applies, the Court should dismiss this impermissible appeal from an agreed judgment.

## IV. <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, the Appellees respectfully request that the Court enter an order (1) dismissing this appeal with prejudice; and (2) granting them such other and further relief to which they are entitled.

RESPECTFULLY SUBMITTED this 3rd day of December, 2024.

By: /s/ *Deborah M. Perry*
Deborah M. Perry
Texas Bar No. 24002755
Julian P. Vasek
Texas Bar No. 24070790
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard St., Ste. 4000
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
Email: dperry@munsch.com
Email: jvasek@munsch.com

**ATTORNEYS FOR THE DIXON WATER FOUNDATION**

-and-

By: /s/ *C. Alan Carrillo*
Charlene C. Koonce
Texas Bar No. 11672850
charlene@brownfoxlaw.com
C. Alan Carrillo
Texas Bar No. 24109693
alan@brownfoxlaw.com
**BROWN FOX PLLC**
8111 Preston Road, Suite 300
Dallas, TX 75225
Tel. 214.327.5000
Fax. 214.327.5001

**ATTORNEYS FOR CORTNEY C. THOMAS, RECEIVER OF BM318, LLC**

-and-

By: /s/ *J. Robert Forshey*
J. Robert Forshey
Texas Bar No. 07264200
**FORSHEY & PROSTOK, LLP**
777 Main Street, Suite 1550
Fort Worth, Texas 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
Email: bforshey@forsheyprostok.com

By: /s/ *Joshua L. Shepherd*
Kimberly P. Harris
Texas Bar No. 24002234
Joshua L. Shepherd
Texas Bar No. 24058104
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, PC**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Facsimile: (214) 871-2111
Email: kharris@qslwm.com
Email: jshepherd@qslwm.com

**ATTORNEYS FOR LUMAR LAND & CATTLE, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 3rd day of December, 2024, true and correct copies of this document were electronically served by the Court's ECF system on parties entitled to notice thereof, including on Timothy Barton through Kaitlyn Coker, Esq., counsel of record.

/s/ Deborah M. Perry
Deborah M. Perry

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this document complies with the length limits of Fed. R. Bankr. P. 8013(f)(3) because it contains 3,732 words, as measured by Microsoft Word.

/s/ Deborah M. Perry
Deborah M. Perry

# Tab 7

4:24-cv-00863-P

---

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

---

**TIMOTHY BARTON,**
*Appellant,*

v.

**COURTNEY C. THOMAS, Receiver, DIXON WATER FOUNDATION, and LUMAR LAND & CATTLE, LLC,**
*Appellees.*

---

On Appeal from the United States Bankruptcy Court
for the Northern District of Texas, Fort Worth Division
Bankruptcy Case No. 21-04051-mxm

---

# APPELLANT'S REPLY IN SUPPORT OF HIS APPEAL

---

Warren V. Norred
**Norred Law, PLLC**
TBN: 24045094
warren@norredlaw.com
515 E. Border St.
Arlington, TX 76010
(Office) (817) 704-3984
(Fax) (817) 524-6686
*Counsel for Appellant*

## TABLE OF CONTENTS

**TABLE OF CONTENTS** .......... ii

**TABLE OF AUTHORITIES** .......... iii

**ARGUMENT** .......... 1

**A. Appellees' first and second arguments regarding Barton's standing to appeal fail under controlling Fifth Circuit law** .......... 1

*i. Mr. Barton participated in the proceedings below.* .......... 2

*ii. The equities weigh in favor of Mr. Barton having standing to appeal.* .......... 4

*iii. Mr. Barton's interests are substantially affected by the proceedings below such that he has standing.* .......... 6

**B. The agreed judgment does not render this action moot.** .......... 8

1. This appeal remains ripe and reviewable because of the fundamental due process concerns raised on appeal. .......... 9

2. This appeal remains ripe and reviewable because of applicable mootness exceptions. .......... 10

**CONCLUSION** .......... 13

# TABLE OF AUTHORITIES

## Cases

*Benavides v. Housing Authority of City of San Antonio*, *Tex.*,
238 F.3d 667 (5th Cir. 2001) ....................................................................11

*E.E.O.C. v. Pan American*, 897 F.2d 1499, 1501 (9th Cir. 1990) .........................5, 6

*EEOC v. La. Office of Cmty. Servs.*, 47 F.3d 1438, 1440 (5th Cir. 1995)................5

*Honig v. Doe,* 484 U.S. 305, 319–21 (1988) ................................................... 11, 12

*Kennebrew v. Harris*, 425 S.W.3d 588
(Tex. App.—Houston [14th Dist.] 2014, pet. denied).....................................9

*Lewis v. Continental Bank Corp.,* 494 U.S. 472 (1990) ........................................11

*Mullane v. Centr. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) ...............8, 9

*Murphy v. Hunt*, 455 U.S. 478, 481–83 (1982) ......................................................11

*Rhone v. City of Texas City, Texas*, 93 F.4th 762, 767 (5th Cir. 2024)...................11

*Searcy v. Philips Electronics North America Corp.*,
117 F.3d 154, 157 (5th Cir. 1997) ..................................................... 2, 3, 4, 5

*SEC v. Barton*, 79 F.4th 573, 581 (5th Cir. 2023) .................................................13

*Sneed v. Webre*, 465 S.W.3d 169 (Tex. 2015)..........................................................9

*United States v. Chagra*, 701 F.2d 354 (5th Cir. 1983)............................................7

## ARGUMENT

Appellant Tim Barton herein responds to Appellees' three arguments in their Joint Motion to Dismiss [Barton's] appeal (ECF 13), summarized in paragraph three of their motion, where they argue: 1) the Receivership Order deprived Barton of the corporate authority to initiate an appeal on behalf of the Debtor; 2) Barton does not have standing to appeal in his individual capacity; and 3) even if Barton had standing, litigants cannot appeal from agreed judgments.

Summarizing this response: 1) Mr. Barton has not initiated an appeal on behalf of the Debtor, but on behalf of himself, individually; 2) controlling case law provides standing for nonparties such as Barton who are impacted adversely by a judgment; and, 3) Mr. Barton did not agree to the judgment in question as a party, but only as an individual, the agreed judgment is not limiting.

### A. Appellees' first and second arguments regarding Barton's standing to appeal fail under controlling Fifth Circuit law.

First, the Appellees argue that Mr. Barton does not have the authority to file an appeal for the debtor. However, this observation is of no concern because Mr. Barton has not filed the appeal for the Debtor but for himself, pro se. Appellees have recognized this in their motion to dismiss at its para. 8.

Because Mr. Barton has not appealed on behalf of the Debtor involved in the adversary but for himself, Appellee's argument on this point is irrelevant.

Appellees' real argument is that Barton has no standing because he was not a named party in the adversary proceeding for which he filed this appeal.

Generally, Appellees are correct in asserting that a nonparty, even a party with interest in the matter, does not have standing to appeal an action where the nonparty has not intervened in the underlying action. However, the Fifth Circuit laid out a test for a nonparty to have standing to appeal. Mr. Barton fits the test to have standing to appeal based on *Castillo v. Cameron Cnty., Tex.*, 238 F.3d 339, 349 (5th Cir. 2001), which teaches that a nonparty whose interests are affected by an ongoing action should have the opportunity to appeal actions that adversely affect those interests.

The test requires that the would-be appellant show that: 1) the nonparties actually participated in the proceedings below, 2) the equities weigh in favor of hearing the appeal, and 3) the nonparties have a personal stake in the outcome. *Castillo v. Cameron Cnty., Tex.*, 238 F.3d 339, 349 (5th Cir. 2001).

**i. Mr. Barton participated in the proceedings below.**

Mr. Barton satisfies the first prong of the test because he actually participated in the proceedings below.

The considerations for whether a nonparty participated in the action below are extraordinarily fact-dependent. In *Searcy v. Philips Electronics North America Corp.*, the Fifth Circuit found that the nonparty appellant met the first prong of the action because the government appellant investigated and monitored the case at the

district level and argued against the settlement at a hearing. *Searcy v. Philips Electronics North America Corp.*, 117 F.3d 154, 157 (5th Cir. 1997). Specifically, the government intentionally abstained from exercising its intervention by right in the action below. *Searcy*, 117 F.3d at 155. After approximately a year of discovery, two unsuccessful mediations, and three days of trial, the named parties decided to settle. *Searcy*, 117 F.3d at 155. The government, which had been monitoring the litigation, objected to the wide-ranging settlement. *Searcy*, 117 F.3d at 155. Notably, the government declined to intervene, even after objecting to the settlement. *Searcy*, 117 F.3d at 155–56. After the district court denied the objection, the government appealed, even though it had not intervened in the action below. *Searcy*, 117 F.3d at 155–56.

As a pre-requisite consideration to the appeal, the Fifth Circuit had to consider whether the government had standing to bring the appeal in the first place. The Fifth Circuit recognized that, as a general rule, a non-named party, even a real party in interest, is not a party on appeal unless it previously intervened. *Searcy*, 117 F.3d at 156. At this point, the Fifth Circuit raised the narrow but recognized three-part exception outlined above. *Searcy*, 117 F.3d at 157. Relevant to this specific analysis, the Fifth Circuit had to evaluate whether the government was sufficiently involved in the prior action to fit the first prong.

Although brief, the Fifth Circuit's analysis is instructive. The court states simply that the first prong was satisfied because the government was "investigating and monitoring" the proceeding and, at one point, participating in a hearing. *Searcy*, 117 F.3d at 157.

Here, Mr. Barton easily satisfies the first prong, just as the government did in *Searcy*. Mr. Barton has been intimately involved in the action below as the chief officer and managing member of BM318. Specifically, Mr. Barton directed that BM318 file an adversarial proceeding in the action below. He has consistently monitored the action, regularly communicated with parties, and has been present and argued in multiple hearings. Mr. Barton is also an actual party in the bankruptcy case from which the adversary originated. Like the nonparty government in *Searcy*, Mr. Barton satisfies the first prong of having actually participated in the proceedings below.

**ii. The equities weigh in favor of Mr. Barton having standing to appeal.**

Mr. Barton satisfies the second prong of the test because the equities weigh in favor of this Court protecting his interests on appeal. The second prong of the Fifth Circuit's test is that the equities weigh in favor of the court on appeal hearing the action. *Castillo v. Cameron Cnty., Tex.*, 238 F.3d 339, 349 (5th Cir. 2001). At its core, the way a court evaluates the equities is simply by examining the fundamental fairness of hearing the action.

To exemplify this point, both the *Searcy* case and the case *E.E.O.C. v. Pan American World Airways, Inc.* help define how a court determines fundamental fairness. In *Searcy*, the Fifth Circuit examined statutory language. *Searcy*, 117 F.3d at 157. The government had argued to the Fifth Circuit that it believed in good faith, that the statutory language required that the government approve all settlements in the specific action, and then extrapolated that it need not intervene in an action to have veto authority over the settlements. *Searcy*, 117 F.3d at 157.

The Fifth Circuit did not agree to the proposition that the government was not generally required to intervene to appeal but decided that the equities in the case required that the government be allowed to appeal. Specifically, the Fifth Circuit decided it did not want to penalize the government for wrongly extrapolating the full ramifications of the statute. *Id.*

In *E.E.O.C. v. Pan American*, a case cited approvingly by the Fifth Circuit, the Ninth Circuit reviewed the appeal of two pilots who believed themselves to be wrongfully terminated by the airline. 897 F.2d 1499, 1501 (9th Cir. 1990) (cited by *EEOC v. La. Office of Cmty. Servs.*, 47 F.3d 1438, 1440 (5th Cir. 1995)).

In *Pan American*, pilots objected in the district court to a settlement between Pan Am, other wrongfully terminated pilots, and the EEOC, though the objecting pilots were not parties. The district court rejected the pilots' objection and approved the settlement. *Id.* at 1503. The pilots appealed to the Ninth Circuit.

The Ninth Circuit, like the Fifth Circuit later, was also faced with the unusual situation where a nonparty filed an appeal to protect an interest at issue in the underlying action without intervening in that action. *Id.* at 1504. In evaluating the second prong, the Ninth Circuit stated that the equities weighed in favor of allowing the appeal because the appealing parties' interests were at stake, and they had not had a chance to participate in the underlying suit. *Pan American*, 897 F.2d at 1504.

In the same way, the equities here weigh in favor of allowing Mr. Barton's appeal. Mr. Barton has been locked out of participating in an individual capacity to protect his interests in the underlying action because of the receivership order currently under appeal. That order, detailed in both the Appellant and Appellees' briefs, explicitly prohibits Mr. Barton from acting on behalf of BM318, LLC. Like the appellants in *Pan American*, Mr. Barton has attempted to take an active litigation role, but the bankruptcy court has denied his right to do so. The order is the result of his attempts. Further, it would be more just to allow Mr. Barton to appeal than to dismiss for lack of standing because Mr. Barton's interests are at stake, and no party is present in the action that can adequately protect those interests, as explained below. Therefore, the second prong weighs in Mr. Barton's favor.

**iii. Mr. Barton's interests are substantially affected by the proceedings below such that he has standing.**

Finally, Mr. Barton has standing because his interests were substantially affected by the action below such that he must be allowed to appeal, even as a

nonparty. The test's third prong is whether the nonparty appellant's interests were substantially affected by the action below. *Castillo v. Cameron Cnty.*, *Tex*., 238 F.3d 339, 349 (5th Cir. 2001).

*United States v. Chagra*, 701 F.2d 354 (5th Cir. 1983), is particularly instructive on the third prong. In *Chagra*, the district court issued an order closing the courtroom to the public, including reporters, because the judge was concerned about empaneling an impartial jury. *Id.* at 357. The reporters appealed the order, arguing First Amendment violations. *Id.* at 361. In reviewing the third prong of the test, the Fifth Circuit found that the reporters' First Amendment-protected rights to free and fair trials were substantially curtailed by the district court's order, such that the nonparty reporters had a sufficient personal interest in the order to have standing for an appeal. *Id.* at 361–62. The Fifth Circuit allowed nonparty reporters to appeal a district court's order closing the courtroom. *Id.* at 358–60. Notably, the allowance came in an even more extreme circumstance, as the hearings from which the reporters were barred occurred while the reporters' appeal was still pending. *Id.* at 357. Yet, the Fifth Circuit still allowed the exception. *Id.* at 358–60.

In the same way, Mr. Barton has multiple interests at stake in the action below, such that he satisfies the third prong. As he alleged in his original brief, Mr. Barton's fundamental constitutional right to Due Process has been infringed, as a party being deprived of some interest must have notice and the opportunity for a hearing.

Because Mr. Barton was not a party and the bankruptcy court's receivership order prevented him from acting on behalf of BM318, Mr. Barton was never afforded due process for actions affecting his property interest in BM318 because he only had notice, never the opportunity for a hearing. *See generally*, *Mullane v. Centr. Hanover Bank & Tr. Co.*, 339 U.S. 306 (1950).

Further, Mr. Barton's property rights in BM318 were intimately affected. The receiver entered into the settlement agreement on behalf of BM318. The settlement agreement negatively affected Mr. Barton, the CEO and managing member, with ownership and property interests in the business. The settlement agreement purported to change the rights and duties of BM318, which intimately affects Mr. Barton's property interests in the business without his consent. Therefore, Mr. Barton satisfies the third prong.

**B. The agreed judgment does not render this action moot.**

Even though this Court did not stay the action below before the bankruptcy judge entered judgment, this action is not moot. The second major argument that the Appellees present in their Motion to Dismiss is that the court below already entered an agreed judgment signed by BM318, which was a result of a settlement agreement reached among BM318 under the control of the receiver, The Dixon Water Foundation, and Lumar Land & Cattle, LLC.

Generally, Appellees would be correct in their assertion that an appeal is moot when the court below has already entered a final judgment rendering the controlling issues on appeal before the entry of judgment. However, that general rule is subject to exceptions in this case.

1. **This appeal remains ripe and reviewable because of the fundamental due process concerns raised on appeal.**

As Appellant stated in his original brief to this Court, the court below has fundamentally denied him due process because his liberty interests were affected by the action below without his ability to protect those interests by notice and hearing. As this Court is well aware, a person may not be deprived of his property rights without notice and hearing. Notice and hearing are the most basic presumptions of Procedural Due Process in the Fourteenth Amendment. *See generally*, *Mullane v. Centr. Hanover Bank & Tr. Co.*, 339 U.S. 306 (1950).

Additionally, it is undisputed that a person's ownership interest in his business is property. When an entity acts to injure that company's value, it injures the property interests of those who own the business. *See*, *e.g., Sneed v. Webre*, 465 S.W.3d 169 (Tex. 2015) (affirming derivative actions as a type of action for adversely affected ownership interests); *see also*, *Kennebrew v. Harris*, 425 S.W.3d 588 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (affirming that someone with a beneficial interest in a company can often recover for the value of that interest when it is adversely affected).

Mr. Barton could not adequately protect his liberty interests with the minimal constitutional protections afforded by procedural due process because the court below locked him out of his proceedings. Mr. Barton, as CEO and managing member of BM318, has an ownership interest in BM318. However, the receivership order entered below deprived him completely of his ability to in any way advocate for BM318 by its own terms. The receivership order deprived Mr. Barton of his ability to alienate or use his property, one of the most fundamental liberty interests recognized in this country.

Additionally, the court below deprived Mr. Barton of his property rights in approving a settlement between BM318, negotiated and executed by the receiver, and the other Appellees in this action. The court order barred Mr. Barton from taking any action to protect his own interests in BM318 during those negotiations. When he attempted to protect his property interests by attempting to be included in the negotiations, the court below stopped his actions. Therefore, Mr. Barton's only choice in the matter was to file this appeal and seek what amounts to equitable relief from this Court.

**2. This appeal remains ripe and reviewable because of applicable mootness exceptions.**

This appeal remains reviewable because an exception to mootness applies. Appellees argue that even if this appeal were substantively valid, it is now moot because the bankruptcy court entered an agreed judgment after Mr. Barton appealed.

Normally, this would end his appeal because he did not obtain a stay before the judgment went into place. However, this action is subject to the Capable of Repetition Yet Evading Review exception.

This exception applies when the pleading party meets two conditions: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again. *Rhone v. City of Texas City, Texas*, 93 F.4th 762, 767 (5th Cir. 2024); *Benavides v. Housing Authority of City of San Antonio*, *Tex.*, 238 F.3d 667 (5th Cir. 2001). This exception is only applicable in exceptional situations, such as cases involving actions where the termination of the causal event or condition occurs so quickly after the commencement of the action that it renders the challenge moot before the parties can fully litigate the case. *Lewis v. Continental Bank Corp.,* 494 U.S. 472 (1990).

"Reasonable expectation" should not be equated with "demonstrated probability." *Murphy v. Hunt*, 455 U.S. 478, 481–83 (1982). Rather, these standards should be viewed in the disjunctive so that a controversy may be found to be capable of repetition based on expectations that, while reasonable, are hardly demonstrably probable. *Honig v. Doe,* 484 U.S. 305, 319–21 (1988). The concern in all cases involving potentially moot claims is whether the controversy is capable of repetition,

not whether the claimant can demonstrate that a recurrence of the dispute is more probable than not. *Honig,* 484 U.S. at 319–21.

These facts fit the exception. The action Mr. Barton challenged is the settlement agreement between the Appellees and BM318. Mr. Barton sought a stay in this Court in his original brief on the merits, but this Court did not issue the stay in time. As a result, the bankruptcy court entered an agreed judgment based on the settlement agreement, which Appellees now argue renders this appeal moot. The difficulty, then, is that the action Mr. Barton challenges is of such a short duration that this Court could not adequately review it. This fits the first element of the test.

Second, there is reason to believe that this behavior will be repeated. The receiver in the action below is forming settlements on behalf of BM318, the contents of which Mr. Barton has no say because of the receivership order. Mr. Barton could attempt to intervene in the future, but the likelihood of being denied intervention is very high because of the receivership order. Therefore, he will be forced to attempt to appeal the settlement agreement again, and the process will repeat. Unless this Court maintains his appeal, he will again be in the same position where his appeal is dismissed for mootness, making this case include a fact pattern satisfies the second element of the Capable of Repetition Yet Evading Review test.[1]

---

[1] This Court can take notice that the Fifth Circuit has set an oral hearing on Barton's appeal of the appointment of the receiver in this case for February 3, 2025, in case no. 23-11237; the setting of an oral hearing suggests that the appeal is not without some merit.

## CONCLUSION

Appellant Tim Barton recognizes that this appeal is far from ordinary, presenting questions of standing and mootness, and asks for equitable exceptions. However, Mr. Barton has been locked out of participating in his own business, is unable to advocate for that business when deals are made to its detriment, and has no power to object to non-beneficial settlement agreements under circumstances where he has yet to even be allowed to argue the merits of the underlying case. The underlying case has warranted multiple appeals, including one in which the Fifth Circuit vacated the initial appointment of the receiver, *SEC v. Barton*, 79 F.4th 573, 581 (5th Cir. 2023), and a second appeal before the Fifth Circuit is set for oral hearing in February, seeks a review of the receiver order that is the basis for this entire series of events.

Mr. Barton asks that the Court deny the motion to dismiss and proceed with the appellate process, which will include a fair review of the settlement and judgment in the bankruptcy court.

Respectfully submitted on January 13, 2025,

*/s/Warren V. Norred*
Warren V. Norred, Texas Bar Number 24045094; warren@norredlaw.com
NORRED LAW, PLLC; 515 E. Border Street; Arlington, TX 76010
O: (817) 704-3984; F: (817) 524-6686
*Counsel for Appellant*

## CERTIFICATE OF SERVICE

I certify that on January 13, 2025, I filed the foregoing document with the Court using this Court's CM/ECF system, which will automatically notify all parties seeking notice in this action, including all counsel of record and registered pro se litigants.

*/s/Warren V. Norred*
Warren V. Norred

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitation of Federal Rule of Bankruptcy Procedure 8015(a)(7)(B). The brief contains 3161 words, as calculated by Microsoft Word, excluding the parts of the brief exempted by Federal Rule of Bankruptcy Procedure 8015(g).

This brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font, consistent with the requirements of Federal Rule of Bankruptcy Procedure 8015(a)(5) and (6).

*/s/Warren V. Norred*
Warren V. Norred