Case No. 25-10367

# In the United States Court of Appeals for the Fifth Circuit

In the Matter of BM318, L.L.C.,

Debtor.

Timothy Barton,

Appellant,

v.

Courtney C. Thomas; Dixon Water Foundation; Lumar Land & Cattle, LLC

Appellees.

## BRIEF OF APPELLEE THE DIXON WATER FOUNDATION

*Appeal from the United States District Court for the Northern District of Texas, No. 4:24-CV-863*

Deborah M. Perry
Texas Bar No. 24002755
Julian P. Vasek
Texas Bar No 24070790
MUNSCH HARDT KOPF & HARR, P.C.
500 North Akard St., Ste. 4000
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

ATTORNEYS FOR THE DIXON WATER FOUNDATION

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies under Rule 28.2.1, to the best of her knowledge, information, and belief, that the following is a complete list of all persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent corporations, or other legal entities who or which are financially interested in the outcome of this litigation. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

**APPELLANT:** The appellant is Timothy Barton.

Mr. Barton is represented by:

Warren V. Norred
Texas Bar No. 24045094
warren@norredlaw.com
NORRED LAW, PLLC
515 E. Border Street
Arlington, TX 76010
T: (817) 704-3984
F (817) 524-6686

**APPELLEES**: The appellees are The Dixon Water Foundation, Lumar Land & Cattle, LLC, and Cortney Thomas, in his capacity as receiver for BM318, LLC.

The Dixon Water Foundation is represented by:

Deborah M. Perry
Texas Bar No. 24002755
dperry@munsch.com
Julian P. Vasek
Texas Bar No 24070790
jvasek@munsch.com
MUNSCH HARDT KOPF & HARR, P.C.
500 North Akard St., Ste. 4000
Dallas, Texas 75201-6659
Telephone: (214) 855-7500

Lumar Land & Cattle, LLC is represented by:

J. Robert Forshey
State Bar No. 07264200
bobby.forshey@vhh.law
Emily S. Chou
State Bar No. 24006997
emily.chou@vhh.law
FORSHEY & PROSTOK, LLP
777 Main Street, Suite 1550
Fort Worth, Texas 76102
Tel: (817) 877-8855

and

Kimberly Paige Harris
Texas Bar No. 24002234
Quilling, Selander, Lownds, Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201
Direct: 214-871-2100
Fax: 214-871-2111
Email: kharris@qslwm.com

Cortney Thomas, as receiver for BM318, LLC, is represented by:

Charlene C. Koonce
Texas Bar No. 11672850
charlene@brownfoxlaw.com
C. Alan Carrillo
Texas Bar No. 24109693
alan@brownfoxlaw.com
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, TX 75225
Tel. 214.327.5000
Fax. 214.327.5001

/s/ *Julian P. Vasek*
Julian P. Vasek, Counsel for
The Dixon Water Foundation

## STATEMENT REGARDING ORAL ARGUMENT

Appellee The Dixon Water Foundation respectfully suggests that oral argument in this matter is neither necessary nor helpful. Appellant Timothy Barton ("Mr. Barton") has requested oral argument, claiming the issues in this appeal involve "an unresolved circuit split concerning vital standing issues in bankruptcy cases and appeals from bankruptcy cases."[1] But Mr. Barton did not cite any case law to support this assertion. Nor did he identify an actual circuit split anywhere in his brief. Instead of distinguishing case law from other federal circuits, Mr. Barton's argument focuses on case law from this Court, including a recent opinion adverse to Mr. Barton under nearly identical circumstances: *Barton v. HNGH Turtle Creek, LLC (In re 2999TC Acquisitions, LLC)*, 23-10648, 2024 WL 1283342 (5th Cir. Mar. 26, 2024). That case dictates the same outcome here. So, even if there were contrary authority from another Circuit, oral argument would not aid the Court in light of its own "rule of orderliness." *See*, *e.g.*, *Mercado v. Lynch*, 823 F.3d 276, 279 (5th Cir. 2016) (describing the rule of orderliness).

[1] Barton Br. p. 4.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ..... i

STATEMENT REGARDING ORAL ARGUMENT ..... iii

TABLE OF CONTENTS ..... iv

TABLE OF AUTHORITIES ..... vi

I. STATEMENT OF JURISDICTION ..... 1

II. STATEMENT OF THE ISSUES ..... 1

III. STATEMENT OF THE CASE ..... 2

IV. SUMMARY OF THE ARGUMENT ..... 8

V. ARGUMENT & AUTHORITIES ..... 9

A. The scant appellate record does not support Mr. Barton's claim to standing under either of his theories. ..... 9

B. Even accepting Mr. Barton's allegations as true, he nevertheless lacks standing as a matter of law ..... 13

i. Mr. Barton never intervened in the Adversary Proceeding. ..... 13

ii. Mr. Barton does not have a personal stake in the outcome of the Adversary Proceeding ..... 15

iii. A favorable decision in this appeal is not likely to redress Mr. Barton's alleged injury ..... 19

C. Even if Mr. Barton otherwise had standing, agreed judgments are not appealable. ..... 20

VI. CONCLUSION ..... 24

CERTIFICATE OF SERVICE ..... 26

CERTIFICATE OF COMPLIANCE ........................................................................27

# TABLE OF AUTHORITIES

## Cases

*Ali v. Gonzales*, 155 Fed. App'x 777 (5th Cir. 2005) ........................................12

*Amstar Corp. v. S. Pac. Transp. Co.*, 607 F.2d 1100 (5th Cir. 1979) ....................22

*Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897 (5th Cir. 1983) .........23

*Barton v. HNGH Turtle Creek, LLC (In re 2999TC Acquisitions, LLC)*, 23-10648, 2024 WL 1283342 (5th Cir. Mar. 26, 2024)........................*passim*

*Castillo v. Cameron Cnty.*, 238 F.3d 339 (5th Cir. 2001) ...............................*passim*

*Cohen v. Va. Elec. & Power Co.*, 788 F.2d 247 (4th Cir. 1986) ............................21

*In re CPDC Inc.*, 221 F.3d 693 (5th Cir. 2000)........................................................9

*In re Cent. Ice Cream Co.*, 62 B.R. 357 (N.D. Ill. 1986) .......................................17

*In re Deepwater Horizon*, 934 F.3d 434 (5th Cir. 2019)...............................12 n.50

*Furlough v. Cage (Matter of Technicool Sys., Inc.)*, 896 F.3d 382 (5th Cir. 2018)..............................................................................................................15

*In re GGM, P.C.*, 165 F.3d 1026 (5th Cir. 1999) ....................................................2

*Highland Cap. Mgmt. Fund Advisors, L.P. v. Highland Cap. Mgmt., L.P. (In re Highland Cap. Mgmt., L.P.)*, 57 F.4th 494 (5th Cir. 2023) ........................2

*HSBC Bank USA, N.A. v. Crum*, 907 F.3d 199 (5th Cir. 2018)................................1

*Irwin v. Veterans Admin.*, 874 F.2d 1092 (5th Cir. 1989) .....................................10

*Kauffman v. Dreyfus Fund, Inc.*, 434 F.2d 727 (3d Cir. 1970) ..............................17

*Laczay v. Ross Adhesives*, 855 F.2d 351 (6th Cir. 1988)................................. 21-22

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992) .......................................10, 15, 20

*Mercado v. Lynch*, 823 F.3d 276 (5th Cir. 2016) .................................................. iii

*Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522 (10th Cir. 1992) .......................... 21-23

*New York ex rel. Vacco v. Operation Rescue Nat'l*, 80 F.3d 64, 69 (2d Cir. 1996) ..........................................................................................21

*Nguyen v. Bank of America, N.A.*, 728 Fed. App'x 387 (5th Cir. 2018) ................17

*Raceways Props., Inc. v. Emprise Corp.*, 613 F.2d 656 (6th Cir. 1980) ................22

*Russell v. Ingegneri*, No. 5:15-CV-01699-KOB, 2016 WL 4379536, (N.D. Ala. Aug. 17, 2016) ..........................................................................23

*Sample v. Morrison*, 406 F.3d 310 (5th Cir. 2005)..................................................1

*Sears v. Sears (In re AFY)*, 733 F.3d 791 (8th Cir. 2013) ......................................16

*SEC v. Barton*, 135 F.4th 206 (5th Cir. 2025) ..............................................5, 19, 23

*Superior MRI Servs., Inc. v. Alliance Healthcare Servs., Inc.*, 778 F.3d 502 (5th Cir. 2015) ..........................................................................10

*Swift & Co. v. United States*, 276 U.S. 311 (1928)..........................................21, 23

*Thakkar v. Good Gateway, LLC (In re Nihan Fin., LLC)*, 831 Fed. App'x 479, 480 (11th Cir. 2020) (per curiam) ..........................................................16

*United States v. Mendoza*, 390 F. Supp. 2d 925 (N.D. Cal. 2005)..........................24

*United States v. Slovacek*, 699 F.3d 423 (5th Cir. 2012)........................................14

*U.S. ex rel. Eisenstein v. City of New York*, 556 U.S. 928 (2009)..................... 12-13

*Verzilli v. Flexon, Inc.*, 295 F.3d 421 (3d Cir. 2002).............................................21

*Wiener v. Ocean Rig UDW, Inc. (In re Ocean Rig UDW, Inc.)*, 764 Fed. App'x 46 (2d Cir. 2019)..........................................................................17

*White & Yarborough v. Dailey*, 228 F.2d 836 (5th Cir. 1955)................................21

**Statutes and Rules**

28 U.S.C. § 158(a) ........................................................................................7

Tex. Bus. Orgs. Code Ann. § 101.106(b) ........................................................ 17-18

Tex. Bus. Orgs. Code Ann. § 101.251 ...............................................................18

Fed. R. App. P. 6(b)(2)(B)(i) ........................................................................ 1-2, 10

Fed. R. App. P. 28(a) ........................................................................................12

Fed. R. Bankr. P. 8009(a)(1) ........................................................................ 1-2, 10

## I. STATEMENT OF JURISDICTION

Dixon does not dispute that the Court has jurisdiction under 28 U.S.C. § 158(d), insofar as the Court limits its review to the issue of standing. But to the extent the Court agrees with the District Court's decision that Mr. Barton lacked standing,[2] then this Court lacks subject matter jurisdiction to review the merits of the agreed judgment. *See HSBC Bank USA, N.A. v. Crum*, 907 F.3d 199, 202 (5th Cir. 2018) (citing *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005)) ("[s]tanding is a component of subject matter jurisdiction" and "[s]ubject matter jurisdiction may be raised at any time, [even] for the first time on appeal").

## II. STATEMENT OF THE ISSUES

Even if Mr. Barton had standing, he has not preserved any issues for the Court to resolve in this appeal. He initially appealed the Bankruptcy Court's agreed judgment on September 6, 2024.[3] Mr. Barton then had fourteen days—or until September 20, 2024—to file a statement of the issues on appeal. Fed. R. Bankr. P. 8009(a)(1). He did not meet this deadline. Later, when Mr. Barton appealed the District Court's decision to this Court, the rules again required him to file a statement of the issues. Fed. R. App. P. 6(b)(2)(B)(i). Again, Mr. Barton failed to do so.[4] These

[2] ROA.721 ("Barton's lack of appellate standing is … sufficient to dispose of this case.").

[3] ROA.60.

[4] *See* ROA.6 (docket sheet showing absence of filing).

failures result in Mr. Barton waiving appellate review. *See Highland Cap. Mgmt. Fund Advisors, L.P. v. Highland Cap. Mgmt., L.P. (In re Highland Cap. Mgmt., L.P.)*, 57 F.4th 494, 499-500 (5th Cir. 2023) (observing this Court's prior ruling that an issue not designated is waived, even if argued below); *In re GGM, P.C.*, 165 F.3d 1026, 1031 (5th Cir. 1999) ("We hold that Zimmerman waived this issue by failing to include it in his statement of issues to be presented on appeal to the district court.").

## III. STATEMENT OF THE CASE

Dixon objects to Mr. Barton's statement of the case (and to his brief generally) to the extent it includes facts the Court cannot ascertain from the record. Mr. Barton failed to designate an appellate record in the Bankruptcy Court under Fed. R. Bankr. P. 8009(1), so the Bankruptcy Clerk transmitted the record as deficient.[5] He again failed to designate a record under Fed. R. App. P. 6(b)(2)(B)(i). The entire record from the Bankruptcy Court consists of: (i) Mr. Barton's amended notice of appeal, which attaches the Bankruptcy Court's *Final Agreed Judgment Dismissing the Adversary Proceeding* (the "Agreed Judgment") and its exhibits;[6] (ii) Barton's original notice of appeal, which likewise attaches the Agreed Judgment and its

---

[5] ROA.4, 144.

[6] ROA.8-59.

exhibits;[7] (iii) the docket sheet from the adversary proceeding in which the Agreed Judgment was entered (the "Adversary Proceeding");[8] and (iv) the docket sheet from the underlying bankruptcy case (the "Bankruptcy Case").[9] In the District Court, Dixon also objected to Mr. Barton including items outside the record in his appendix, namely those items located at ROA.362-372.[10] The District Court never reached a ruling on the objection, opting instead to grant the Appellees' motion to dismiss for lack of standing.[11] Bearing these circumstances in mind, Dixon limits its statement of the case to facts actually ascertainable from the scant appellate record.

The Adversary Proceeding docket sheet does not mention Mr. Barton at all before he filed his notice of appeal.[12] Except for one instance where BM318's[13] former counsel (prior to the Receivership, as defined below) listed Mr. Barton as a witness in connection with an unrelated matter,[14] the docket sheet in the Bankruptcy

[7] ROA.60-10.

[8] ROA.111-26.

[9] ROA.127-41. Duplicate copies of the Bankruptcy Court record are included in the record at ROA.144-280 where they are attached to the Bankruptcy Clerk's transmittal and certification. The balance of the record in this Court includes the certificates of interested persons, motion practice, briefing, and opinion generated in the District Court, as well as Mr. Barton's notice of appeal. ROA. 281-724.

[10] ROA.655.

[11] *See* ROA.373 (motion to dismiss); ROA.718 (District Court's memorandum opinion and order).

[12] *See* ROA.111-26 (notice of appeal at Dkt. No. 144).

[13] "BM318" refers to BM318, LLC, the debtor in the Bankruptcy Case and an entity in the Receivership (defined below).

[14] ROA.137 (Dkt. No. 129).

Case does not mention Mr. Barton either.[15] The record does not contain any pleadings from the Bankruptcy Case, or the Adversary Proceeding. Mr. Barton cannot, therefore, demonstrate any direct or even indirect interest in the Bankruptcy Case, or the Adversary Proceeding, based on the record. Any statements in Mr. Barton's brief suggesting, for example, that he is the sole managing member of BM318, have no evidentiary support. Neither do suggestions that Mr. Barton "was involved at every stage of the bankruptcy …."[16] The limited record does not support those allegations at all.

Instead, the record shows a straightforward and uncontroversial series of events that did not involve Mr. Barton. On September 1, 2020, BM318 filed a voluntary chapter 11 petition, thereby initiating the Bankruptcy Case in the Bankruptcy Court.[17] On August 10, 2021, BM318 filed the Adversary Proceeding in the Bankruptcy Court against Dixon, seeking to recover alleged preferential and fraudulent transfers, claims which Dixon vigorously defended itself against.[18] The Bankruptcy Court entered an order authorizing Lumar Land & Cattle, LLC

---

[15] *See* ROA.127-41.

[16] Barton Br. p. 14.

[17] ROA.127.

[18] ROA.111-13.

("Lumar") to intervene on February 14, 2022,[19] and Lumar filed a complaint in intervention two days later on February 16, 2022.[20]

Later, on November 29, 2023, in a different case (the "Receivership Proceeding"),[21] in a different division of the District Court, the Honorable Brantley Starr entered his *Order Appointing Receiver* (the "Receivership Order").[22] Based on Mr. Barton's egregious misconduct, Judge Starr appointed Cortney C. Thomas as the receiver (the "Receiver") to take exclusive possession and control of BM318 and numerous other entities (the "Receivership").[23] This Court recently affirmed the Receivership Order. *See SEC v. Barton*, 135 F.4th 206, 220 (5th Cir. 2025).

Vested with exclusive authority to control BM318 under the Receivership Order,[24] the Receiver caused BM318 to enter into settlement agreements with Dixon and Lumar (the "Settlements"), and he caused BM318 to file motions to approve those Settlements in the Bankruptcy Case.[25] The Bankruptcy Court entered orders

---

[19] ROA.115 (Dkt. No. 32).

[20] ROA.115 (Dkt. No. 33).

[21] *SEC v. Barton*, No. 3:22-cv-02118-X (N.D. Tex.).

[22] ROA.33.

[23] ROA.33-40.

[24] ROA.38, ¶ 3 ("The Receiver shall have all powers, authorities, rights, and privileges heretofore possessed by the officers, directors, trustees, managers and general and limited partners of the entity [sic] Receivership Entities under applicable state and federal law ...."), ¶ 4 ("The Receiver shall assume and control the operations of the Receivership Entities ....").

[25] ROA.139 (Dkt. Nos. 147, 149).

approving the Settlements on May 28, 2024 (the "Settlement Orders").[26] Neither Barton nor anyone else appealed the Settlement Orders,[27] which are final and non-appealable for all purposes.

On August 26, 2024, the Bankruptcy Court entered the settling parties'—*i.e.*, the Appellees'—Agreed Judgment (the "Agreed Judgment").[28] Mr. Barton, having never appeared in the Adversary Proceeding before, filed a notice of appeal from the Agreed Judgment on September 6, 2024,[29] which he amended on September 10, 2024 (collectively, the "Notice of Appeal").[30] The Notice of Appeal suggests Mr. Barton appealed the Agreed Judgment "as President of [BM318], Pro Se …."[31] He also signed it in his individual capacity, *pro se*.[32] But despite the fact that only the Receiver—a signatory to the Agreed Judgment who had no reason to appeal it[33]—had authority to act on BM318's behalf, Mr. Barton then hand-wrote "Appellant" next to BM318's name in the Notice of Appeal.[34]

---

[26] ROA.141 (Dkt. Nos. 163, 164).

[27] *See* ROA.141.

[28] ROA.12; ROA.125 (Dkt. No. 142).

[29] ROA.126 (Dkt. No. 144).

[30] ROA.126 (Dkt. No. 147).

[31] ROA.8.

[32] ROA.9.

[33] ROA.15.

[34] ROA.9.

In a motion to dismiss Mr. Barton's appeal for lack of standing, as well as in their briefs, Dixon and the other Appellees contested Mr. Barton's characterization of BM318 as an appellant,[35] and Mr. Barton ultimately clarified and conceded that he brought this appeal in his individual capacity only.[36] It bears repeating, therefore, that the record contains no indication Mr. Barton ever personally appeared in the Adversary Proceeding before initiating this appeal, and it warrants emphasis that Mr. Barton appealed from an agreed judgment to which he is not a party. The District Court, acting as an appellate court under 28 U.S.C. § 158(a), granted the Appellees' motion to dismiss on February 4, 2025,[37] and Mr. Barton appealed to this Court on March 4, 2025.[38]

Even in this Court, however, Mr. Barton's casual relationship with the appellate record continues to cause problems. His brief does not contain a single record citation. Rather, it includes six references to "Tab",[39] "Tab 9",[40] "Tab 10",[41]

---

[35] ROA.378; ROA.658.

[36] ROA.684.

[37] ROA.718-23.

[38] ROA.724.

[39] Barton Br. p. 7.

[40] Barton Br. p. 8.

[41] Barton Br. p. 8.

"Tab 11",[42] "Tab 12",[43] and "Tab 13".[44] These presumably refer to purported record excerpts Mr. Barton originally appended to his brief. But the Clerk struck those excerpts and required Mr. Barton to refile them as a separate document within fourteen days. After waiting twenty-seven days, Mr. Barton filed a table of contents without any excerpts attached. Once again the Clerk gave him fourteen days to cure this deficiency. On June 2, 2025, Barton finally filed his record excerpts. They do not include page numbers from the official record, but they do include apparent editorializing in the form of highlights and underlines. The Court should disregard these changes to the official record.

## IV. SUMMARY OF THE ARGUMENT

The Court should affirm the District Court's decision on both procedural and substantive grounds.

Procedurally, Mr. Barton failed to file a statement of the issues, failed to bring forward a record to support any of his factual assertions, and failed to intervene in the Adversary Proceeding, and is therefore not a party.

Substantively, Mr. Barton cannot demonstrate standing because, even if the Court accepts his unsubstantiated factual allegations, Mr. Barton does not have a

[42] Barton Br. p. 14.

[43] Barton Br. p. 14.

[44] Barton Br. p. 14.

personal stake in the dispute sufficient to establish constitutional or prudential standing, and he cannot obtain redress in this proceeding when all he really wants is relief from the Receivership Order.

## V. ARGUMENTS & AUTHORITIES

The District Court granted Dixon's and the other Appellees' motion to dismiss Mr. Barton's appeal for lack of standing, finding it therefore lacked subject matter jurisdiction.[45] On appeal to this Court, Mr. Barton argues he has standing for two reasons. First, Mr. Barton claims a right to appeal under *Castillo v. Cameron Cnty.*, 238 F.3d 339, 349 (5th Cir. 2001). Second, Mr. Barton claims that since he "is the first and only material cause of all of the Receiver's actions, the court should recognize his standing is inherent and he should not be shut out of the process …." But the scant appellate record does not support either theory. Even if it did, both theories fail under the law. And even if Mr. Barton otherwise had standing, the law prohibits appeals from agreed judgments.

### A. The scant appellate record does not support Mr. Barton's claim to standing under either of his theories.

"The burden of creating an adequate record rests with the appellant, who may not urge an issue on appeal if he has failed to provide the appellate court with the requisite record excerpts." *In re CPDC Inc.*, 221 F.3d 693, 698 (5th Cir. 2000). Mr.

[45] ROA.718-23.

Barton failed to designate an appellate record under both Fed. R. Bankr. P. 8009(a)(1) and Fed. R. App. P. 6(b)(2)(B)(i). And this is not the first time Mr. Barton disregarded these rules. He "failed to timely designate any records from the bankruptcy court or the receivership proceeding" in Appeal No. 23-10648 before this Court just over a year ago. *Barton v. HNGH Turtle Creek*, 2024 WL 1283342 at *1 n.1 (5th Cir. Mar. 26, 2024).

Mr. Barton even got a second bite at the apple in this case. In the District Court, Dixon and the other Appellees attached an appendix to their motion to dismiss,[46] thereby making a factual attack on standing. *See Superior MRI Servs., Inc. v. Alliance Healthcare Servs., Inc.*, 778 F.3d 502, 505 (5th Cir. 2015) ("An attack is factual rather than facial if the defendant submits affidavits, testimony, or other evidentiary materials." (quotations omitted)). Mr. Barton therefore had the opportunity to submit evidence in response. *See id.* (quoting *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989), for the proposition that, "[t]o defeat a factual attack, a [party] 'must prove the existence of subject-matter jurisdiction by a preponderance of the evidence' and is 'obliged to submit facts through some evidentiary method to sustain his burden of proof.'"); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (party invoking federal jurisdiction bears the burden to prove standing). But Mr. Barton did not attach any evidence to his

[46] ROA.392-596.

response, nor did he cite the record. Instead, Mr. Barton made countless unsubstantiated allegations, just as he does here. Mr. Barton simply did not sustain his burden of proof.

On appeal from that failure, Mr. Barton's sole issue asks, "When a party does not directly intervene in a district court case, or is prevented from doing so, when does that party have standing to bring an appeal to protect his rights?"[47] But the record contains no evidence anyone "prevented" Mr. Barton from intervening in the Adversary Proceeding. It shows he never attempted to intervene, as he did not make an appearance until he filed his notice of appeal.[48] The record also lacks any evidence that Mr. Barton had rights needing protection. He was not a party to the Adversary Proceeding, and the record contains no evidence, for example, that "Mr. Barton is the owner and managing member of BM318, LLC," as he suggests.[49]

Glossing right over the need for evidence, Mr. Barton proposes two reasons why he has standing: he claims a right to appeal under *Castillo*, 238 F.3d 339, and he claims that since he "is the first and only material cause of all of the Receiver's

---

[47] Barton Br. p. 7.

[48] ROA.111-26.

[49] *See* Barton Br. p. 18. In fact, if the Court were inclined to look beyond the record, it would have to question Mr. Barton's truthfulness. On January 4, 2021, Mr. Barton signed Official Form 207, Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (the "SOFA"), under penalty of perjury as BM318's president, not its owner or managing member. According to the SOFA, BM318's 100% member is Carnegie Development, and its manager is TRWF, LLC. SOFA at 7, *In re BM318, LLC*, No. 20-42789-mxm11 (Bankr. N.D. Tex. Jan. 4, 2021) Dkt. No. 55.

actions, the court should recognize his standing is inherent and he should not be shut out of the process ….” Taking the latter contention first, this portion of Mr. Barton's brief contains no citations to authority; failing to cite legal authority or to provide adequate briefing, as required under Fed. R. App. P. 28(a), results in waiver. *Ali v. Gonzales*, 155 Fed. App'x 777, 779 (5th Cir. 2005). The notion that Mr. Barton has been "shut out of the process" in connection with the Receivership also has no basis. Mr. Barton is or was a named party in ten appeals before this Court alone, all arising out of, or related to, the Receivership.[50]

As for a right to appeal under *Castillo*, this Court has questioned *Castillo*'s continued validity in light of the Supreme Court's decision in *U.S. ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009). *See Barton v. HNGH Turtle Creek*, 2024 WL 1283342, at *2 ("But it is not clear that *Castillo* remains good law after *City of New York.*"). But even if *Castillo* remains good law, it requires the Court to consider "whether [1] the non-parties actually participated in the proceedings below, [2] the equities weigh in favor of hearing the appeal, and [3] the non-parties have a personal stake in the outcome." *Castillo*, 238 F.3d at 350 (quotations omitted). Just as the Court found in *Barton v. HNGH Turtle Creek*, the

[50] The other nine appeals are 22-11132; 22-11226; 22-11242; 23-10515; 23-10516; 23-10648; 23-11237; 24-10004; and 24-10788. The Court can take judicial notice of its own docket. *See In re Deepwater Horizon*, 934 F.3d 434, 446 (5th Cir. 2019) ("We may take judicial notice of prior court proceedings as matters of public record.").

Court here has "no way to assess [these elements] because [Mr.] Barton failed to file a complete record with this case …." *Barton v. HNGH Turtle Creek*, 2024 WL 1283342, at *2 (referring to assessing the equities). The record simply does not support Mr. Barton's claimed grounds for standing, so the Court should affirm the District Court's decision.

### B. Even accepting Mr. Barton's allegations as true, he nevertheless lacks standing as a matter of law.

Even if the Court were to accept his factual allegations as true, Mr. Barton lacks standing for three reasons. First, Mr. Barton is not a party to the Adversary Proceeding (or, much less, the Agreed Judgment) and never sought to intervene. Second, Mr. Barton does not have a stake in the outcome of the Adversary Proceeding sufficient to meet the tests for constitutional standing, prudential bankruptcy appellate standing, or *Castillo*'s exception to party-only standing. Third, a favorable decision in this appeal is not likely to redress Mr. Barton's alleged injury.

#### i. Mr. Barton never intervened in the Adversary Proceeding.

Mr. Barton never sought to intervene in the Adversary Proceeding. He did not appear until he filed his notice of appeal. But, as set forth succinctly by the United States Supreme Court, "[a] 'party' to litigation is '[o]ne by or against whom a lawsuit is brought.' . . . An individual may also become a 'party' to a lawsuit by intervening in the action." *U.S. ex rel. Eisenstein,* 556 U.S. at 933 (internal citations omitted).

Barton similarly failed to intervene in *Barton v. HNGH Turtle Creek*, 2024 WL 1283342, and this Court dismissed his appeal. In that case, this Court put it well:

> "The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled." *Marino v. Ortiz*, 484 U.S. 301, 304 (1988); *see also Bayard v. Lombard*, 50 U.S. 530, 546 (1850) (holding that a writ of error "cannot be sued out by persons who are not parties to the record, . . . [or] by strangers to the judgment and proceedings . . . "); *Payne v. Niles*, 61 U.S. 219, 221 (1857) ("[I]t is very well settled in all common-law courts, that no one can bring up, as plaintiff in a writ of error, the judgment of an inferior court to a superior one, unless he was a party to the judgment in the court below . . . ."); *United States ex rel. La. v. Boarman*, 244 U.S. 397, 402 (1917) (describing the principle proscribing nonparty appeals "as a subject no longer open to discussion").
>
> The courts of appeals have recognized limited exceptions to this rule. The Supreme Court has regarded these exceptions with, at best, skepticism. *See Marino*, 484 U.S. at 304 ("The Court of Appeals suggested that there may be exceptions to this general rule, primarily when the nonparty has an interest that is affected by the trial court's judgment . . . . We think the better practice is for such a nonparty to seek intervention for purposes of appeal; denials of such motions are, of course, appealable." (internal quotation marks and citation omitted)); *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009) ("The Court has further indicated that intervention is the requisite method for a nonparty to become a party to a lawsuit.").

*Barton v. HNGH Turtle Creek*, 2024 WL 1283342, at *1-2 (quoting *United States v. Slovacek*, 699 F.3d 423, 426-27 (5th Cir. 2012) (parallel citations omitted)). The

Court should affirm the District Court's decision for the same reason it dismissed Mr. Barton's appeal in *Barton v. HNGH Turtle Creek*—"he cannot appeal as a stranger to the proceeding below." *Id.* at *2.

**ii. Mr. Barton does not have a personal stake in the outcome of the Adversary Proceeding.**

Every applicable test for standing, including the *Castillo* exception that Mr. Barton invokes, requires him to have more than just a little skin in the game. Constitutional standing requires "an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560-61 (citations and quotations omitted). In bankruptcy appeals, "courts impose a stringent-yet-prudent standing requirement: Only those directly, adversely, and financially impacted by a bankruptcy order may appeal it." *Furlough v. Cage (Matter of Technicool Sys., Inc.)*, 896 F.3d 382, 384 (5th Cir. 2018). Under *Castillo*, a non-party must "have a personal stake in the outcome." *Castillo*, 238 F.3d at 349 (quotation omitted).

The only interest that Mr. Barton claims to have in this matter is the following, which he summarized in his brief (without citing the record):

> Mr. Barton is the owner and managing member of BM318, LLC, not a shareholder. Unlike shareholders, Mr. Barton had, prior to the receivership, full control of the business, not just an investment in it. Unlike shareholders, Mr. Barton was fully authorized to take action on behalf of

> BM318. Unlike shareholders, Mr. Barton's compensation is directly tied to the property disposition from BM318.[51]

As discussed above, however, the record does not contain any evidence to support these allegations. Worse, documents outside the appellate record but within the Bankruptcy Court record directly contradict these statements, calling into question Mr. Barton's honesty.[52]

Even if Mr. Barton's allegations were true, they do not rise to the level of personal interest necessary for standing under any test. Notably, Mr. Barton does not cite a single case in which a member or manager of a limited liability company had a personal stake in that entity's property sufficient for standing.[53] Nor could he. The law overwhelmingly says the opposite. It is well settled that an equity interest is insufficient. *See Thakkar v. Good Gateway, LLC (In re Nihan Fin., LLC)*, 831 Fed. App'x 479, 480 (11th Cir. 2020) (per curiam) (affirming dismissal of shareholder's appeal from bankruptcy settlement to which he was not a party because approval of the settlement "only indirectly affected his pecuniary interest in the debtor, if at all"); *Sears v. Sears (In re AFY)*, 733 F.3d 791, 793 (8th Cir. 2013) (dismissing shareholder appeal from order overruling claim objection because

[51] Barton Br. p. 18.

[52] *See* Note 49, *supra*.

[53] Failure to cite legal authority or provide adequate briefing, as required under Fed. R. App. P. 28(a), results in waiver. *Ali v. Gonzales*, 155 Fed. App'x at 779.

"[a]ny effect on appellants is indirect, based on their status as shareholders of [the debtor]"); *Kauffman v. Dreyfus Fund, Inc.*, 434 F.2d 727, 732 (3d Cir. 1970) ("A stockholder of a corporation does not acquire standing to maintain an action in his own right, as a shareholder, when … the only injury to the shareholder is the indirect harm which consists in the diminution in value of his corporate shares"); *In re Cent. Ice Cream Co.*, 62 B.R. 357, 360 (N.D. Ill. 1986) (equity holders did not have standing to appeal bankruptcy court approval of settlement agreement even if the value of stock could be affected by the settlement); *Wiener v. Ocean Rig UDW, Inc. (In re Ocean Rig UDW, Inc.)*, 764 Fed. App'x 46, 48-49 (2d Cir. 2019) (dismissing appeal by debtor's shareholder from order imposing automatic stay in chapter 15 cross-border insolvency proceeding); *Holta v. Zerbetz (In re Anchorage Nautical Tours, Inc.)*, 145 B.R. 637, 641 (B.A.P 9th Cir. 1992) (dismissing shareholder appeal for lack of standing, citing rule announced in *Kauffman v. Dreyfus Fund*, 434 F.2d 727 (3d. Cir. 1970)). Being a member is also insufficient. *See Nguyen v. Bank of America, N.A.*, 728 Fed. App'x 387, 388 (5th Cir. 2018) (dismissing LLC manager's attempt to prevent a foreclosure of LLC-owned property and citing Tex. Bus. Orgs. Code Ann. § 101.106(b) for the proposition that "[a] member of a limited liability company … does not have an interest in any specific property of the company.")

Mr. Barton, without citing authority, attempts to distinguish some of these cases on the basis that they involved corporate shareholders, not members of limited

liability companies. Unlike corporate shareholders, Mr. Barton claims, he had full control of BM318 as its sole managing member.[54] But once again: nothing in the record supports this claim, and documents submitted in the Bankruptcy Case actually contradict it. Nor does the sole member of a limited liability company *necessarily* have any control. Under Texas law, either members or managers constitute the "governing authority" of a limited liability company, depending on what the company agreement and the certificate of formation say. Tex. Bus. Orgs. Code Ann. § 101.251. The record does not contain either of those documents, so the Court has no way to know who had the right to control BM318 before the Receiver.

Mr. Barton elaborates on his attempt to distinguish the case law by making the unsubstantiated claim that, unlike a corporate shareholder, his "compensation is directly tied to the property disposition from BM318."[55] But nothing in the record supports this assertion either, and even if Mr. Barton were BM318's sole managing member, he could not possibly possess a direct interest in its property as he claims. Under Texas law, "[a] member of a limited liability company … does not have an interest in any specific property of the company." Tex. Bus. Orgs. Code Ann. § 101.106(b). Moreover, Mr. Barton's argument completely ignores the Receivership, and the consequences of the Receivership Order.

[54] Barton Br. p. 18.

[55] Barton Br. p. 18.

Under the Receivership Order, Judge Starr found, *inter alia*, "the appointment of a receiver … is necessary and appropriate for the purposes of marshaling and preserving all assets of [BM318]" because "there is a clear necessity for the receivership to protect defrauded investors' interest in property" and "there is a substantial risk that Barton, [BM318], and the other entities that Barton directly or indirectly control[led] do not hold assets sufficient to satisfy the potential disgorgement of ill-gotten gains …."[56] This Court recently affirmed the Receivership Order, *SEC v. Barton*, 135 F.4th 206, so Mr. Barton cannot claim any direct or indirect interest in BM318 or its property at all.[57] Without a direct financial interest in BM318's property, Mr. Barton lacks constitutional standing, prudential standing, and any right to appeal under *Castillo*.

---

[56] ROA.34.

[57] Under the Receivership Order, *inter alia*: (1) "The trustees, directors, officers, managers, employees, investment advisers, accountants, attorneys and other agents of the Receivership Entities are hereby dismissed and the powers of any general partners, directors and/or managers are hereby suspended. Such persons and entities shall have no authority with respect to the Receivership Entities' operations or assets, except to the extent as may hereafter be expressly granted by the Receiver." (ROA.89); (2) "No person holding or claiming any position of any sort with any of the Receivership Entities shall possess any authority to act by or on behalf of any of the Receivership Entities." (ROA.90); (3) "the Receiver shall have the following general powers and duties … To take custody, control, and possession of all Receivership Property … To manage, control, operate, and maintain the Receivership Estates and hold in his possession, custody, and control all Receivership Property, pending further Order of this Court … To use Receivership Property for the benefit of the Receivership Estates, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging his duties as Receiver …." (ROA.90).

### iii. A favorable decision in this appeal is not likely to redress Mr. Barton's alleged injury.

Constitutional standing also requires that "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan*, 504 U.S. at 560-61 (citations omitted). Mr. Barton principally complains that a receiver has been placed in charge of companies that he used to control, directly or indirectly. Whether a receiver was properly appointed is not at issue in this appeal. And, in fact, that has recently been decided adversely to Mr. Barton. It is not proper to raise and re-raise that one issue by means of appealing every single order entered in the Receivership. If the District Court's decision on standing is reversed, then the District Court would, on remand, simply follow this Court's decision that the Receiver's appointment was proper, such that the authority to agree to a judgment properly rested in the hands of the Receiver, and the agreed judgment was properly entered by the Bankruptcy Court. As such, there is no basis to conclude a reversal in this case is likely to redress the issue Mr. Barton seeks to litigate over and over by separate appeals. Mr. Barton therefore lacks constitutional standing to prosecute this appeal.

## C. Even if Mr. Barton otherwise had standing, agreed judgments are not appealable.

Even if Mr. Barton otherwise had standing, "[a]ppeals cannot be taken from agreed judgments such as this one was, and, for that reason alone the appeal fails."

*White & Yarborough v. Dailey*, 228 F.2d 836, 837 (5th Cir. 1955).[58] The rule against appealing agreed or consent judgments applies nearly universally across the country, subject to varying exceptions. *See Swift & Co. v. United States*, 276 U.S. 311, 323-24 (1928) (subject to certain exceptions, a consent decree is always affirmed without considering the merits); *Verzilli v. Flexon, Inc.*, 295 F.3d 421, 424 (3d Cir. 2002) ("as a general rule, a party cannot appeal a consent judgment"); *New York ex rel. Vacco v. Operation Rescue Nat'l*, 80 F.3d 64, 69 (2d Cir. 1996) ("Appeal from a consent judgment is generally unavailable on the ground that the parties are deemed to have waived any objections to matters within the scope of the judgment."); *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 526 (10th Cir. 1992) (it is "the well-accepted rule" that "an appeal ordinarily may not be taken from a consent judgment"); *Laczay v. Ross Adhesives*, 855 F.2d 351, 351 (6th Cir. 1988) ("As a general rule, neither party may appeal from an agreed judgment because it is not an involuntary adverse judgment."); *Cohen v. Va. Elec. & Power Co.*, 788 F.2d 247, 249 (4th Cir. 1986) ("Had Cohen desired to preserve is right to appeal … he might have embodied that reservation in the judgment. Because he has not done so, we may not entertain his appeal from the consent judgment.").

---

[58] While the District Court did not dismiss the Appeal because it was an appeal of an agreed judgment and the District Order is silent on that point, Appellees in their Joint Motion to Dismiss Appeal fully briefed this argument before the District Court.

None of those exceptions apply here. An exception exists, for example, when there was a lack of consent, lack of federal jurisdiction, a mistake, or fraud in obtaining consent. *Mock*, 971 F.2d at 526 n.5 (citing *Swift & Co.*, 276 U.S. at 324). But none of the parties to the Agreed Judgment—*i.e.*, the Appellees—claims these things. Rather, they all aligned to defend the Agreed Judgment on appeal. Another exception exists when the judgment expressly reserves the right to appeal, *see id.* at 527, though this exception may have limited application in the Fifth Circuit. *See Amstar Corp. v. S. Pac. Transp. Co.*, 607 F.2d 1100, 1100 (5th Cir. 1979) ("Although the consent judgment contained a recognition that the plaintiff wished to appeal the issue of the limitation of damages, the fact that both parties freely consented to the entry of a final judgment precludes appeal from it."). Even if that exception applies, the Agreed Judgment does not purport to preserve any appellate rights.

Similarly, an exception exists where the parties agree to a judgment in order to facilitate appellate review of a prior order. *Laczay*, 855 F.2d at 351 (quoting *Raceways Props., Inc. v. Emprise Corp.*, 613 F.2d 656, 657 (6th Cir. 1980), for the proposition that "There is an exception … when the appellants' 'solicitation of the formal dismissal was designed only to expedite review of [a prior] order which had in effect dismissed appellants' complaint.'"). But this exception does not apply either. As the Agreed Judgment itself recites, the parties entered into it to facilitate

court-approved settlements and to dismiss all claims between them.[59] It neither expressly nor implicitly contemplates further review.[60]

Finally, an exception to the rule against appealing agreed judgments exists where the trial court lacked jurisdiction. *Mock*, 971 F.2d at 527 n.5 (citing *Swift & Co.*, 276 U.S. at 324). Mr. Barton suggested below—but not in this Court—that the Bankruptcy Court lacked jurisdiction to enter the Agreed Judgment because he appealed a ratification order in the Receivership Proceeding. But he never provided—and the Appellees never found—any compelling authority to support the proposition that appealing an order in one court can deprive another court of jurisdiction in a related matter. Indeed, this Court, in a prior appeal from the Receivership Proceeding, suggested the opposite. *See SEC v. Barton*, 79 F.4th 573, 579 (5th Cir. 2023) (citing *Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897, 928 (5th Cir. 1983), for the proposition that, "'[t]his circuit follows the general rule that the filing of a valid notice of appeal from a final order of the district court divests **<u>that court</u>** of jurisdiction to act on the matters involved in the appeal, except to … enforce its judgment so long as the judgment has not been stayed or superseded.'" (emphasis added))*; see also Russell v. Ingegneri*, No. 5:15-CV-01699-KOB, 2016 WL 4379536, at *3 (N.D. Ala. Aug. 17, 2016) ("Filing an appeal divests

[59] ROA.64.

[60] *See* ROA.63-67.

a district court of jurisdiction over the case appealed, but it does not divest other federal courts of jurisdiction over other matters involving the party, even if the matters are factually related."); *United States v. Mendoza*, 390 F. Supp. 2d 925, 930 (N.D. Cal. 2005) ("The fact that the government filed a notice of appeal in a separate, but related, case does not divest this Court of jurisdiction."). Since no exception applies, the rule against appealing agreed judgments works to bar Mr. Barton's appeal.

## VI. CONCLUSION

The District Court correctly decided that it lacked subject matter jurisdiction because Mr. Barton lacks standing. The record does not support Mr. Barton's factual allegations, and he lacks standing even if his allegations are true. And even if Mr. Barton otherwise had standing, agreed judgments are not appealable. The Court should therefore affirm the District Court's decision.

RESPECTFULLY SUBMITTED this 2nd day of June, 2025.

By: /s/ *Julian P. Vasek*
Deborah M. Perry
Texas Bar No. 24002755
Julian P. Vasek
Texas Bar No 24070790
MUNSCH HARDT KOPF & HARR, P.C.
500 North Akard St., Ste. 4000
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
E-mail: dperry@munsch.com
E-mail: jvasek@munsch.com

ATTORNEYS FOR APPELLEE THE
DIXON WATER FOUNDATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on June 2, 2025, a true and a correct copy of the foregoing document was served on the counsel of record listed below via electronic filing.

Mr. Craig Alan Carrillo: alan@brownfoxlaw.com,
amanda@brownfoxlaw.com
*Counsel for Cortney Thomas, Receiver*

Mrs. Kaitlyn Coker: kaitlyn@farmercoker.com
*Counsel for Mr. Barton*

Mr. John Robert Forshey: bobby.forshey@vhh.law, julie.gonzalez@vhh.law
*Counsel for Lumar Land & Cattle, LLC*

Ms. Kimberly Paige Harris: kharris@qslwm.com
*Counsel for Lumar Land & Cattle, LLC*

Ms. Charlene Cantrell Koonce: charlene@brownfoxlaw.com,
jean@brownfoxlaw.com, kimberley@brownfoxlaw.com
*Counsel for Cortney Thomas, Receiver*

Mr. Warren Norred: warren@norredlaw.com, court@norredlaw.com,
marie@norredlaw.com, katherine@norredlaw.com, ty@norredlaw.com,
gabe@norredlaw.com
*Counsel for Timothy Barton*

Ms. Deborah Michelle Perry: dperry@munsch.com
*Counsel for The Dixon Water Foundation*

Mr. Julian Preston Vasek: jvasek@munsch.com, hvalentine@munsch.com,
courtmail@munsch.com
*Counsel for The Dixon Water Foundation*

By: /s/ *Julian P. Vasek*
Julian P. Vasek

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)'s TYPE-VOLUME LIMITATION, TYPEFACE LIMITATION, AND TYPE-STYLE REQUIREMENTS

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 5,792 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word in Times New Roman, 14 pt. font.

Dated: June 2, 2025.

By: /s/ *Julian P. Vasek*
Julian P. Vasek