No. 25-10367

---

**United States Court of Appeals for the Fifth Circuit**

---

**IN THE MATTER OF BM318, L.L.C.,**
*Debtor,*

**TIMOTHY BARTON,**
*Appellant*,

v.

**COURTNEY C. THOMAS;**
**DIXON WATER FOUNDATION;**
**LUMAR LAND & CATTLE, LLC,**
*Appellees.*

---

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division

---

APPELLANTS' REPLY BRIEF

---

Warren V. Norred
**Norred Law, PLLC**
Texas Bar Number: 24045094
warren@norredlaw.com
515 E. Border St.
Arlington, TX 76010
(817) 704-3984 (Office)
(817) 524-6686 (Fax)
*Counsel for Appellants*

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................ 2
TABLE OF AUTHORITIES ........................................ 3
SUMMARY ........................................ 4
I. BARTON HAS STANDING IN THIS CASE AS AN AGGRIEVED PARTY WITH A DIRECT INTEREST ........................................ 4
II. BARTON'S STANDING ORIGINATES IN HIS PRE-RECEIVERSHIP OWNERSHIP AND CONTINUES THROUGH JUDICIAL REVIEW ........................................ 5
III. THE AGREED JUDGMENT INFLECTS IRREPARABLE HARM ABSENT REVIEW ........................................ 7
IV. THE DUE PROCESS VIOLATION IS SELF-EVIDENT ........................................ 8
V. THE RECEIVER CANNOT REPRESENT BOTH SIDES ........................................ 8
VI. THE RECORD IS COMPLETE AND COMPLIES WITH PROCEDURE ........................................ 9
VII. CONCLUSION AND PRAYER ........................................ 9
CERTIFICATE OF SERVICE ........................................ 11
CERTIFICATE OF COMPLIANCE ........................................ 11

# TABLE OF AUTHORITIES

## Cases

*Fuentes v. Shevin*, 407 U.S. 67, 80 (1972)........8
*Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013)........6
*In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977)........5
*In re Technicool Systems, Inc.*, 896 F.3d 382, 385 (5th Cir. 2018)........4
*Kneeland v. Am. Arbitration Ass'n*, 956 F.2d 755, 760 (5th Cir. 1992)........5
*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)........8
*SEC v. Basic Energy & Affiliated Res., Inc.*, 273 F.3d 657, 665 (6th Cir. 2001)........5
*SEC v. Forex Asset Mgmt. LLC*, 242 F.3d 325, 331 (5th Cir. 2001)........9
*SEC v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986)........9
*Sierra Club v. EPA*, 292 F.3d 895, 899 (D.C. Cir. 2002)........7
*Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 485 (1988)........8

## Rules

5th Cir. R. 32.1........11
Fed. R. App. P. 32(A)........11
Fed. R. App. P. 32(F)........11
Fed. R. App. P. 32(G)(1)........11
Fed. R. App. P. 34(a)(1)........4

## SUMMARY

Timothy Barton, Appellant and the sole member of BM318, LLC prior to the imposition of the contested receivership, respectfully submits this Reply Brief in response to Appellees' arguments challenging his standing and seeking to deny review of the Agreed Judgment affecting BM318's property. Appellees' brief fundamentally mischaracterizes both the law and the record. Mr. Barton possesses a direct, personal, and legally recognized interest in BM318's property, and the denial of his participation in the judgment proceedings constitutes a textbook violation of procedural due process.

Appellant further respectfully requests oral argument pursuant to Fed. R. App. P. 34(a)(1), as this case presents exceptional circumstances involving constitutional implications and the administration of receivership powers in derogation of private ownership rights.

## I. BARTON HAS STANDING IN THIS CASE AS AN AGGRIEVED PARTY WITH A DIRECT INTEREST

Appellees argue that Mr. Barton lacks standing because he is no longer the acting manager of BM318 due to the receivership. This argument misapplies the well-settled standard for appellate standing under *In re Technicool Systems, Inc.*, 896 F.3d 382, 385 (5th Cir. 2018), which holds that a party has standing if he is "directly and adversely affected pecuniarily by the order of the bankruptcy court."

Similarly, under the *Castillo* test (see *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977)), appellate standing exists where the appellant is a "person aggrieved"—that is, a person whose rights or interests are "directly and adversely affected by the order of the court."

Mr. Barton satisfies this test. He was the sole member of BM318 prior to the appointment of the receiver [See Dkt. 29 at 4-5], and the Agreed Judgment now at issue directly affects the property held by BM318. The permanent transfer or encumbrance of this property deprives Mr. Barton of any realistic opportunity to restore BM318's assets should the receivership later be vacated or reversed.

Courts have consistently held that a party with an equitable or ownership interest in affected property maintains standing to appeal orders disposing of that property. See *Kneeland v. Am. Arbitration Ass'n*, 956 F.2d 755, 760 (5th Cir. 1992) (receiver cannot defeat owner's right to participate in proceedings affecting their property); *SEC v. Basic Energy & Affiliated Res., Inc.*, 273 F.3d 657, 665 (6th Cir. 2001) (shareholder had standing where receivership impaired interest in corporate property).

## II. BARTON'S STANDING ORIGINATES IN HIS PRE-RECEIVERSHIP OWNERSHIP AND CONTINUES THROUGH JUDICIAL REVIEW

Appellees' position that Mr. Barton lacks standing ignores the fundamental judicial premise on which the receivership was based: that Mr. Barton exercised actual control over BM318, thereby justifying Judge Starr's authority to place it into

receivership in the first place. Receivership Order, Dkt. 417. The court could not have imposed a receiver over BM318 without first determining that Mr. Barton had operational and ownership control over it. That judicial finding necessarily affirms Barton's standing as an interested party whose rights are affected.

Moreover, Barton's appellate rights cannot be retroactively nullified merely because the receivership he is actively contesting divested him of control. The standing to challenge a judicial order includes the right to contest its legal basis—and that right continues as long as appellate remedies remain open. Barton has sought rehearing in the Fifth Circuit and intends to file a petition for writ of certiorari before the United States Supreme Court. If successful, ownership of BM318 would revert to Barton, retroactively validating his contested rights and interest.

It is black-letter law that a litigant's standing to challenge governmental or judicial action persists through the life of an appeal. See *Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) ("Standing must be met at the time the suit is filed and must continue through all stages of litigation."). The judicial divestment of control is precisely what Barton challenges—and it cannot be used as the rationale to deny him access to challenge it.

To accept the Appellees' theory would be to render all receivership orders effectively unreviewable, since any order that strips a party of control would also strip that party of standing. Such logic collapses constitutional due process and

contradicts the presumption of appellate reviewability. Barton's standing derives not merely from his historical ownership but from the continuing harm and deprivation stemming from a receivership he is still actively contesting.

## III. THE AGREED JUDGMENT INFLECTS IRREPARABLE HARM ABSENT REVIEW

The Agreed Judgment between the Receiver and Dixon Water Foundation disposes of or significantly alters the title to BM318's property. The Receiver admits this in her joinder brief, stating that the judgment is designed to "resolve claims" against BM318 and confirm title in Dixon. See Receiver Joinder at 2.

Such a judgment, entered without notice or participation by the entity's owner, causes immediate and irreparable harm. If allowed to proceed unchallenged, the judgment will irreversibly dispose of assets belonging to BM318, which Mr. Barton would otherwise regain if the receivership is terminated. This concern is not speculative—it is concrete, immediate, and based on the Receiver's own intent to enforce the judgment.

This Court has cautioned against judicial actions that preemptively extinguish a party's ability to obtain meaningful relief. See *Sierra Club v. EPA*, 292 F.3d 895, 899 (D.C. Cir. 2002) (injury is "actual and imminent" where agency action forecloses future participation). The same principle applies here. Allowing the judgment to stand without appellate review would render any later success in challenging the receivership a hollow victory.

## IV. THE DUE PROCESS VIOLATION IS SELF-EVIDENT

Appellees insist that Barton's exclusion from the Agreed Judgment process is justified due to his displaced managerial role. This position is constitutionally untenable. Due process guarantees that parties whose property interests are at stake must receive notice and an opportunity to be heard. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972).

Mr. Barton was not given that opportunity. The judgment was negotiated and filed without his knowledge or input. He was effectively stripped of the ability to protect BM318's assets despite being the only party with an ownership interest prior to the receiver's appointment. See also *Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 485 (1988) (procedural due process requires actual notice when known interests are at risk).

When a court permits the disposition of assets owned by an entity whose sole member is not permitted to intervene or object, the constitutional violation is not a matter of form, but of substance. Such proceedings, lacking adversarial balance and transparency, cannot be squared with the procedural protections guaranteed by the Fifth Amendment.

## V. THE RECEIVER CANNOT REPRESENT BOTH SIDES

The Receiver's claim to exclusive authority to speak for BM318 collapses under its own weight. A receiver cannot simultaneously act as a fiduciary for BM318 and as an adversary consenting to a judgment that forfeits its rights. See *SEC v.*

*Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986) (receiver's role is to preserve, not dispose of, assets without proper oversight). Allowing the Receiver to shield the Agreed Judgment from review by BM318's rightful owner violates both logic and law.

To accept Appellees' theory would mean that the very individual seeking to extinguish BM318's interests also controls access to the courthouse to challenge that act. That result is incompatible with fundamental fairness and due process. Indeed, the courts have recognized that where a receiver's conduct threatens the rights of owners, those owners must be allowed a meaningful opportunity to challenge that conduct. *SEC v. Forex Asset Mgmt. LLC*, 242 F.3d 325, 331 (5th Cir. 2001).

## VI. THE RECORD IS COMPLETE AND COMPLIES WITH PROCEDURE

Any procedural deficiencies in the appellate record were corrected through a supplement filed on June 10, 2025. (See Notice of Correction, Dkt. Entry June 10, 2025.) Mr. Barton's original brief (Dkt. 29) and the subsequent filings fully satisfy the Fifth Circuit's rules for preservation and briefing. Any suggestion to the contrary is unsupported and should not serve as a basis for denying review of constitutional and property rights.

## VII. CONCLUSION AND PRAYER

Timothy Barton respectfully requests that this Court find that he possesses standing to challenge the Agreed Judgment. His ownership interest, the direct impact of the judgment on BM318's property, and the procedural exclusion from the underlying agreement demand full appellate review. The alternative would be to

ratify a system where individuals are stripped of their property through sealed agreements—without notice, without hearing, and without recourse.

Because this matter presents significant constitutional concerns and raises important issues of appellate standing, receivership conduct, and judicial oversight, Appellant respectfully requests that oral argument be granted to further elucidate the legal and factual basis of his claims.

Respectfully submitted,

*/s/Warren V. Norred*
Warren V. Norred; TBN 24045094; warren@norredlaw.com
NORRED LAW, PLLC
515 E. Border Street
Arlington, TX 76010
T: (817) 704-3984; F (817) 524-6686
COUNSEL FOR APPELLANT

## FED. R. APP. P 25(d) CERTIFICATE OF SERVICE

I certify that on June 24, 2025, the foregoing instrument has been served via the Court's ECF filing system in compliance with Rule 25(b) and (c) of the Federal Rules of Appellate Procedure on all registered counsel of record, and has been transmitted to the Clerk of the Court, including:

For Court Thomas:
Charlene C. Koonce, Texas Bar No. 11672850, charlene@brownfoxlaw.com
C. Alan Carrillo, Texas Bar No. 24109693, alan@brownfoxlaw.com

For The Dixon Water Foundation:
Deborah M. Perry, Texas Bar No. 24002755, dperry@munsch.com
Julian P. Vasek, Texas Bar No. 24070790, jvasek@munsch.com

For Lumar Land & Cattle, LLC:
J. Robert Forshey, Texas Bar No. 07264200, bforshey@forsheyprostok.com
Kimberly P. Harris, Texas Bar No. 24002234, kharris@qslwm.com
Joshua L. Shepherd, Texas Bar No. 24058104, jshepherd@qslwm.com

*/s/ Warren V. Norred*
Warren V. Norred

## CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(G)(1) AND 5TH CIR. R. 32.3. (SEE FED. R. APP. P. 28(A)(10))

1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7), which limits a principal brief because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains no more than 1435 words and does not exceed 30 pages.

2. This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in a proportional-spaced typeface using Microsoft Word with a 14-point Times New Roman font.

*/s/ Warren V. Norred*
Warren V. Norred