# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
July 24, 2025
Lyle W. Cayce
Clerk

No. 25-10367

In the Matter of BM318, L.L.C.,

*Debtor*,

Timothy Barton,

*Appellant*,

*versus*

Courtney C. Thomas; Dixon Water Foundation; Lumar Land & Cattle, L.L.C.,

*Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CV-863

NOTICE AND ORDER TO SHOW CAUSE

Before Davis, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:

In this appeal, counsel for appellant, Warren V. Norred, filed a reply brief citing and discussing a non-existent case: *Kneeland v. Am. Arbitration*

*Ass'n*, 956 F.2d 755, 760 (5th Cir. 1992).

When we brought this to Norred's attention, he explained that the reply brief was initially drafted by a "friend" of his client, and apologized for failing to check the validity of the authorities cited in the brief before filing it with the court. He added that he had previously received initial draft briefs from the friend that included references to "illusory" cases. We have no reason to believe that Norred intended to mislead this court. But we conclude he was grossly negligent for failing to verify the existence of all authorities cited in the brief he signed. *See* Fed. R. App. P. 32(d).

By virtue of this court's inherent authority, together with that granted under Federal Rules of Appellate Procedure 32(d) and 46(c), Norred is directed to SHOW CAUSE, by letter within 10 days, why this court should not impose a $1,000 fine as a sanction for counsel's conduct in light of the foregoing.