No. 25-10367

---

**United States Court of Appeals for the Fifth Circuit**

---

**IN THE MATTER OF BM318, L.L.C.,**
*Debtor,*

**TIMOTHY BARTON,**
*Appellant*,

v.

**COURTNEY C. THOMAS;**
**DIXON WATER FOUNDATION;**
**LUMAR LAND & CATTLE, LLC,**
*Appellees.*

---

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division

---

RESPONSE TO ORDER TO SHOW CAUSE

---

Warren V. Norred
**Norred Law, PLLC**
Texas Bar Number: 24045094
warren@norredlaw.com
515 E. Border St.
Arlington, TX 76010
(817) 704-3984 (Office)
(817) 524-6686 (Fax)
*Counsel for Appellants*

## I. SUMMARY

The Court has ordered the undersigned to show cause why he should not be fined $1000 for gross negligence in citing a non-existent case in a reply brief.

In this response, the undersigned counsel surveys case law regarding known cases of attorney discipline, discusses factors considered in such actions, and shows that, in this case, an unchecked false citation should not be the basis of a fine when:

1. the false citation was offered negligently and not purposefully;

2. the false citation had no material negative impact to the Court;

3. the false citation was the product of a one-off failed process, rather than a symptom of repeated systemic carelessness, and the error in question was the first of its kind from the undersigned; and

4. as penance, the undersigned has forgiven attorney fees charged which are more than twice the $1000 proposed fine.

Based on the above and supporting discussion below, the undersigned ask that the Court refrain from assessing the $1000 fine, and suggests that this process and the below-described credit to the client is sufficient to ensure more careful briefing in the future and adequate response for the false citation.

## II.    AUTHORITIES AND ARGUMENT

In its Operating Procedures, the Court declared that Rule 46(b) and (c) of the Federal Rules of Appellate Procedure govern its actions for "failure to comply with the rules of this court, or for conduct unbecoming a member of the bar."[1]

The above standard has been explored in significant case law across the country. The following cases are archetypical cases which may provide helpful comparison to the case at bar are provided below and gathered to focus on specific elements considered by these courts and the undersigned suggests would be helpful to this Court to consider.

## 1. <u>The false citation was offered negligently and not purposefully.</u>

In *MacArthur Area Citizens Ass'n v. Republic of Peru*, 823 F.2d 606, 607-08 (D.C. Cir. 1987), the court determined that the attorney's good faith was determinative in a decision against sanctions against him, though an attorney had misidentified its pleading as that of appellees' brief, which included little more than an argument over sanctions against the opposing party, rather than the merits of case. The court therein observed that the parties' positions were confusing and counsel should have filed a separate motion for sanctions and properly discussed the case's merits, but effectively found the good faith of the counsel as mitigating. *Id*.

---

[1] https://www.ca5.uscourts.gov/docs/default-source/forms-and-documents---clerks-office/rules/federalrulesofappellateprocedure.pdf?sfvrsn=32abc62d_117, p.46-2 (last accessed July 29, 2025).

In *Migues v. Fibreboard Corp.*, 662 F.2d 1182, 1190 (5th Cir. 1981), this Court was invited to sanction a law firm for failing to follow properly serve a response brief in a timely manner, stating:

> "An affidavit submitted by the hapless individual responsible for this snafu, a law clerk in the office of plaintiff's attorneys, persuades us that the failure to effect service was purely inadvertent, and in no way part of a nefarious scheme. . . .While we do not condone plaintiff's attorney's errant departure from the straight and narrow path of appellate procedure, neither do we consider this departure an appropriate subject for the exercise of this Court's disciplinary powers under Fed.R.App.P., Rule 46(c). In short, Nicolet's Supplementary Motion for Additional Relief reflects nothing more than an attempt to construct a mountain out of a molehill, and is accordingly DENIED."

*Id*. Notably, the inadvertent service of the reply brief did impact the opposing party, but not significantly.

2.      But even when a party failed to comply with procedural rules significantly and filed a seriously deficient brief which lacked a proper argument section and had a deficient appendix, the Second Court of Appeals choose to warn the attorney that continued failure to comply with procedural rules might result in discipline pursuant to Rule 46(c), rather than issue a sanction order at that time. *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 133 (2d Cir. 2004).

To the contrary and to explore the line of sanctionable behavior, in *Wade v. Soo Line R.R. Corp.*, 500 F.3d 559 (7th Cir. 2007), the Seventh Court of Appeals ordered attorneys to show cause why they should not be disciplined by court for

conduct unbecoming members of bar after they withheld production of important discovery and then blamed their behavior on their client. *Id.*

In short, these and many other opinions issued by many courts show the first step in the analysis is to examine the intent of the attorney when determining whether discipline is appropriate.

## 2.  <u>The false citation had no material negative impact to the Court or Client.</u>

Aside from this show cause process, the false citation was immaterial to the proceedings. The false citation did not attempt to mislead the Court, and a second citation was provided with the false one. The presence of the false citation thus had no impact on the brief, and could have been simply eliminated with no difference to the brief. The inclusion of the case cannot be said to have had a material impact to the Court or client.

To the contrary, every case in which sanctions have been awarded has included behavior that impacted the Court, clients, or both, in a tangible way. For example, the Seventh Court of Appeals fined an attorney $1,000 after her unintentionally deceptive misrepresentations resulted in dismissal of her client's suit, which included claims that were time-barred. *Williams v. Leach*, 938 F.2d 769, 773 (7th Cir. 1991).

The undersigned was unable to locate a case where an attorney was sanctioned when his action was negligent but impacted no party or the Court's operations.

3. **The false citation was the product of a one-off failed process, rather than a symptom of systemic carelessness.**

The undersigned was unable to find a single case where a court sanctioned an attorney for a *singular* event that was inadvertent. Most cases show a pattern. For example, in *United States v. Dominguez*, 810 F.2d 128, 129 (7th Cir. 1987), the court fined an attorney $1,000 for his conduct pursuant to Rule 46(c) where the attorney's notice of appeal was a day late, the attorney failed to file a memorandum or seek an extension to file it by a date certain after the court had ordered him to take such actions, and then the attorney ignored the court's order to show cause. *Id.*

*United States v. Bush,* 797 F.2d 536, 537 (7th Cir. 1986) provides a second example, where the United States Court of Appeals fined an attorney $500 where he filed a criminal appeal but not a record or brief, repeatedly failed to make filings though ordered by the court, his filings were "seriously deficient," and the attorney's reasons for his failures included his secretary's maternity leave, unexpected trials and office repairs. *Id.*

Lastly, in *In re Hsu*, 451 F. App'x 37, 39 (2d Cir. 2011), an unpublished decision, the Second Court of Appeals explained its reasoning for reprimands. In *Hsu*, an attorney was publicly reprimanded for a pattern of misconduct that included deficient briefing and an explanation for deficient briefing and other deficiencies that left the court "with little confidence that, without CLE and other steps, he would be able to conform to expected professional norms." *Id.*

The panoply of case law thus teaches that sanctions typically involve a pattern of behavior that has a real impact on the legal system and imperils the proper adjudication of a case.

In the present case, this Court is considering a public reprimand that will occasionally be required to be reported the Court's stated finding of 'gross negligence" to other courts when seeking admission, based on one false citation.[2] Without attempting to suggest that the Court should ignore such transgressions, this is the first time that the undersigned has failed to comply with the Court's procedures or rules, though the Court granted his admission in 2018, and he has been active before the Court in many cases.

**4. The undersigned has forgiven the cost of the appeal brief to the client, a loss of income more than twice the proposed $1000 fine.**

To compensate his client for the failure observed in the false citation, the undersigned has cleared the ledger of his client by more than twice the proposed $1000 fine. Ignoring for a moment that this show cause process is itself a heavier punishment than a fine, other courts have accepted attorney refunds as acceptable approaches to failure to comply with duties enforced by Rule 46(c), e.g. *In re Silver, 508 F.2d 647, 647 (9th Cir. 1974)*.

---

[2] For example, see Oklahoma's admission form, which asks, "Have you ever received public discipline including, but not limited to, suspension or disbarment, by any organization with authority to discipline attorneys at law except as hereinafter provided (Give particulars; e.g. court, discipline authority, type of discipline, date, status)." (Last accessed July 31, 2025, at https://www.okbar.org/wp-content/uploads/2021/01/UpdatedApplicationForm2020.pdf.)

## III.  RECONSIDERATION OF GROSS NEGLIGENCE

The undersigned recognizes that the Court is concerned about false citations and teachings that have arisen in the age of artificial intelligence. And the undersigned believed until this Court identified the false citation in this case that he was never going to have such a problem.

As stated in the earlier letter, the undersigns firm recognized that danger early on, and employs the Lexis citation checker to do a second check on citations to ensure that they are correct in the ordinary course of business. This failure was a singular event, and not a pattern.

With regard to the Court's categorization of the false citation as "gross negligence," the undersigned would ask the Court to reconsider that position in light of *Conway v. O'Brien*, 312 U.S. 492, 495, 61 S. Ct. 634, 636 (1941), where the Supreme Court explained:

> "Gross negligence is substantially and appreciably higher in magnitude and more culpable than ordinary negligence. Gross negligence is equivalent to the failure to exercise even a slight degree of care. It is materially more want of care than constitutes simple inadvertence. It is an act or omission respecting legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care. It is very great negligence, or the absence of slight diligence, or the want of even scant care. It amounts to indifference to present legal duty, and to utter forgetfulness of legal obligations so far as other persons may be affected. It is a heedless and palpable violation of legal duty respecting the rights of others."

*Id*. (quoting *Shaw v. Moore*, 104 Vt. 529, 531-532 (1932)).

The undersigned is not arguing that a false citation is trivial, or that the Court ought not care about such errors; the undersigned agrees that these are serious matters. A matter can be serious and still not equate to "the want of even scant care…indifference to present legal duty, and to utter forgetfulness of legal obligations…heedless and palpable violation of legal duty."

## IV.    PRAYER

The undersigned certainly is fully awake and will ensure that this error is not repeated, and asks that the Court refrain from issuing an order sanctioning him, based on his previous positive work with this Court, the fact that this was an obvious inadvertent error which caused no damage and was not an attempt to mislead the Court with a false teaching, and the undersigned has already forgiven fees to his client which are more than double the proposed fine.

Respectfully submitted,

*/s/Warren V. Norred*
Warren V. Norred; TBN 24045094; warren@norredlaw.com
NORRED LAW, PLLC
515 E. Border Street
Arlington, TX 76010
T: (817) 704-3984; F (817) 524-6686
COUNSEL FOR APPELLANT

## CERTIFICATE OF SERVICE REQUIRED BY
## FED. R. APP. P 25(d)

I certify that on July 31, 2025, the foregoing instrument has been served via the Court's ECF filing system in compliance with Rule 25(b) and (c) of the Federal Rules of Appellate Procedure on all registered counsel of record, and has been transmitted to the Clerk of the Court, including:

For Cort Thomas:
    Charlene C. Koonce, Texas Bar No. 11672850, charlene@brownfoxlaw.com
    C. Alan Carrillo, Texas Bar No. 24109693, alan@brownfoxlaw.com

For The Dixon Water Foundation:
    Deborah M. Perry, Texas Bar No. 24002755, dperry@munsch.com
    Julian P. Vasek, Texas Bar No. 24070790, jvasek@munsch.com

For Lumar Land & Cattle, LLC:
    J. Robert Forshey, Texas Bar No. 07264200, bforshey@forsheyprostok.com
    Kimberly P. Harris, Texas Bar No. 24002234, kharris@qslwm.com
    Joshua L. Shepherd, Texas Bar No. 24058104, jshepherd@qslwm.com

*/s/ Warren V. Norred*
Warren V. Norred

## CERTIFICATE OF COMPLIANCE WITH
## FED. R. APP. P. 32(G)(1) AND 5TH CIR. R. 32.3.
## (SEE FED. R. APP. P. 28(A)(10))

1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7), which limits a principal brief because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains no more than 1890 words (from summary to signature block) and does not exceed 30 pages.

2. This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in a proportional-spaced typeface using Microsoft Word with a 14-point Times New Roman font.

*/s/ Warren V. Norred*
Warren V. Norred