# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

**No. 25-10367**

**In re BM 318, L.L.C., Debtor**

**TIMOTHY BARTON, Appellant**

# PETITION FOR PANEL REHEARING

# AND REHEARING EN BANC

Filed Pro Se by Timothy Barton

Filed: August 04, 2025

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

*No. 25-10367*

*In re BM 318, L.L.C., Debtor*

*TIMOTHY BARTON, Appellant*

**PETITION FOR PANEL REHEARING AND REHEARING EN BANC**

Filed Pro Se by Timothy Barton

## QUESTION PRESENTED

Whether the Court may deny appellate standing to a party who:

1. Had undisputed standing to file BM?318, LLC?s bankruptcy case;

2. Was judicially recognized by the bankruptcy court as BM?318?s authorized representative;

3. Had court?approved standing to prosecute an adversary proceeding on BM?318?s behalf; and

4. Whose control over BM?318 was later taken by a district court receivership order?an act that necessarily presupposed his standing?

when the appeal concerns the very assets and property rights he was recognized to control in those prior proceedings. (See App. 001)

**TABLE OF CONTENTS**

1. Question Presented

2. Table of Authorities

3. Statement Regarding En Banc Consideration

4. Grounds for En Banc Consideration

5. Statement of the Case

6. Argument on Panel Error

A. Ignoring Bankruptcy Court?s Final Orders

B. Conflict with Judge Starr?s Receivership Orders

C. Violation of Grupo Mexicano

D. Panel Created a New Standing Rule

7. Uniformity of Decisions

8. Exceptional Importance

9. Conclusion and Prayer for Relief

10. Signature Block

11. Certificate of Service (See App. 001) (See App. 003)

**TABLE OF AUTHORITIES**

*Cases:*

*In re Seven Seas Petroleum, Inc., 522 F.3d 575 (5th Cir. 2008)*

*In re Sneed Shipbuilding, Inc., 916 F.3d 405 (5th Cir. 2019)*

*Lexmark Int?l, Inc. v. Static Control Components, Inc., 572 U.S. 118 (2014)*

*Sprint Commc?ns Co., L.P. v. APCC Servs., Inc., 554 U.S. 269 (2008)*

*Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308 (1999)*

*Rules:*

*Fed. R. App. P. 35, 40*

*11 U.S.C. §§ 323, 1107 (See App. 003)*

**STATEMENT REGARDING EN BANC CONSIDERATION**

The panel decision conflicts with binding precedent from this Court and the Supreme Court regarding bankruptcy appellate standing. It also announces, without en banc review, a new and stricter standing rule that undermines the finality of bankruptcy court orders and the authority of duly recognized debtor representatives.

**GROUNDS FOR EN BANC CONSIDERATION**

*This petition satisfies Fed. R. App. P.?35(a) because:*

*1. Uniformity of Decisions (Rule?35(a)(1)): The panel?s decision directly conflicts with In re Seven Seas Petroleum and In re Sneed Shipbuilding, which hold that a recognized debtor representative has appellate standing to challenge rulings affecting the debtor?s property.*

*2. Exceptional Importance (Rule?35(a)(2)): If allowed to stand, the decision creates a precedent allowing courts to deny appellate standing to a party judicially recognized to have standing in related bankruptcy proceedings?even where the appeal concerns the very property over which that standing existed.*

*3. Continuing Prejudice and Irreparable Harm: The receivership continues to administer and dispose of BM?318?s assets, which Barton was judicially recognized to control. This ongoing harm cannot be remedied after final judgment.*

**STATEMENT OF THE CASE**

On September?1,?2020, Barton filed a voluntary Chapter?11 petition for BM?318, LLC as its authorized representative. The bankruptcy court accepted the petition, assigned Case No.?20?42789?mxm?11, and proceeded without challenge to Barton?s authority.

On September?26,?2022, in a parallel SEC enforcement action, Judge Brantley Starr entered an order

appointing a receiver and taking ?exclusive jurisdiction and possession? of BM?318, LLC along with other Barton?controlled entities. This was an extraordinary pre?judgment seizure of assets, without a merits determination and without findings meeting Grupo Mexicano standards.

The panel decision below dismissed Barton?s appeal for lack of standing, disregarding the bankruptcy court?s acceptance of Barton?s authority and Judge Starr?s recognition of BM?318 as a Barton?controlled entity. This conflicts with Fifth Circuit precedent and undermines the stability of bankruptcy proceedings. (See App. 003)

**ARGUMENT ON PANEL ERROR**

*A. Ignoring Bankruptcy Court?s Final Orders*

*The bankruptcy court?s acceptance of Barton?s Chapter?11 petition as BM?318?s authorized representative is a final determination of authority for purposes of that case. No party challenged that authority, and the case proceeded accordingly. Under In re Seven Seas Petroleum and In re Sneed Shipbuilding, such a recognized representative has appellate standing to challenge adverse rulings affecting the debtor.*

B. Conflict with Judge Starr?s Receivership Orders

Judge Starr?s September?26,?2022 receivership order expressly took control of BM?318, acknowledging it as a Barton?controlled entity. A supplemental order and supporting appendix (Dkt.?No.?42) expanded that seizure, again including BM?318. It is irreconcilable to both (1) seize BM?318 based on Barton?s control, and (2) hold Barton lacks standing to appeal in BM?318?s bankruptcy. (See App. 001)

C. Violation of Grupo Mexicano

In Grupo Mexicano, the Supreme Court held that federal courts cannot seize assets pre?judgment absent a recognized equitable basis. BM?318 was seized before judgment, without any such findings, and while Barton was still the recognized bankruptcy representative. The panel?s decision effectively ratifies a pre?judgment taking of corporate property without due process. (See App. 003)

*D. Panel Created a New Standing Rule*

*The panel?s ruling imposes a stricter standard for bankruptcy appellate standing than exists in Fifth Circuit or Supreme Court precedent. It disregards established principles that a debtor?s authorized representative has standing to appeal adverse rulings, and in doing so, it effectively overrules In re Seven Seas Petroleum*

*and In re Sneed Shipbuilding without en banc consideration.*

**UNIFORMITY OF DECISIONS**

*The panel decision conflicts with this Court?s own rulings. In In re Seven Seas Petroleum and In re Sneed Shipbuilding, recognized representatives were deemed to have standing to appeal. This case departs from that principle, holding that a representative with undisputed authority during the bankruptcy lacks appellate standing.*

**EXCEPTIONAL IMPORTANCE**

This case raises an issue that will recur and impact bankruptcy practice nationwide: whether a court?recognized debtor representative can be stripped of appellate rights despite final orders confirming their authority. The panel?s decision invites forum?shopping, allows circumvention of bankruptcy protections through collateral proceedings like SEC enforcement actions, and destabilizes the finality of bankruptcy orders.

**CONCLUSION AND PRAYER FOR RELIEF**

For the foregoing reasons, the Court should grant this petition for rehearing en banc, vacate the dismissal for lack of standing, and remand for consideration on the merits. In the alternative, the Court should vacate the receivership orders as applied to BM?318 and remand for an evidentiary hearing consistent with due process. (See App. 001)

**SIGNATURE BLOCK**

Respectfully submitted,

/s/ Timothy Barton

Timothy Barton, Pro Se

3926 Vista Woods Dr.

Carrollton, TX 75007

(214)?673?8714

Timothy.barton@proton.me

Date: August 04, 2025

**CERTIFICATE OF SERVICE**

I certify that on August 04, 2025, I served a copy of this petition on all counsel of record via the Court?s CM/ECF system or by other authorized means.