# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
July 21, 2025
Lyle W. Cayce
Clerk

No. 25-10367
Summary Calendar

In the Matter of BM318, L.L.C.,

*Debtor*,

Timothy Barton,

*Appellant*,

*versus*

Courtney C. Thomas; Dixon Water Foundation; Lumar Land & Cattle, L.L.C.,

*Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CV-863

Before Davis, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:*

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

This case arises out of an adversary proceeding filed in a bankruptcy case, *BM318, LLC v. The Dixon Water Foundation* (*In re BM318, LLC*), Ch. 11 Case No. 20-42789-MXM, Adv. No. 21-04051 (Bankr. N.D. Tex. 2024). After the adversary proceeding was filed, the SEC filed an enforcement action against Timothy Barton, who brings this appeal, and obtained an order appointing Courtney C. Thomas as receiver over a number of the companies Barton was associated with, including BM318.

After Thomas was appointed receiver, and while he was acting on behalf of BM318, he successfully negotiated settlements with the defendants in the adversary proceeding—Dixon Water Foundation and Lumar Land & Cattle, L.L.C.

The bankruptcy court, after a hearing, approved the settlements on May 28, 2020, and later entered an Agreed Judgment consistent with the settlements' terms. Barton, who was not a party to the underlying adversary proceeding, nevertheless filed a pro se notice of appeal in the district court with the notation, "Appellant," written next to BM318 in the title of the notice.

After briefing, the district court granted the receiver's motion to dismiss the appeal in a careful memorandum and order date February 4, 2025. The district court held that the receiver was duly appointed to take complete control of the BM318 bankruptcy proceeding and was authorized to enter into a binding settlement that was then approved by the bankruptcy court.

Barton produced no record evidence of what, if any, interest he had in BM318 or in the settlement that was reached.

Because Barton was not a party to the underlying proceeding and produced no evidence of any interest he had in BM318, the district court properly found that Barton had no standing to appeal.[1]

Based on these reasons and those assigned by the district court in its careful order of February 4, 2025, we AFFIRM its judgment.

[1] The district court relied on an opinion from this court in an almost identical case. We held that Barton had no standing to appeal where Barton, as a non-party sought to appeal the dismissal of the bankruptcy court's order approving a settlement between a receiver of one of Barton's former companies in an adversary proceeding. *See In re 2999TC Acquisitions, L.L.C.,* No. 23-10648, 2024 WL 1283342, at *2 (5th Cir. Mar. 26, 2024).